No. 43,718

STATE OF KANSAS, *Appellee,* v. CARROLL CROUCH, *Appellant.*

(389 P. 2d 824)

Opinion filed
March 7, 1964.

*Kermit M. Beal,* of Lawrence, argued the cause and was on the briefs for the appellant.

*Ralph M. King, Jr.,* county attorney, argued the cause, and *William M. Ferguson,* attorney general, *Arthur Palmer,* assistant attorney general, and *Daniel A. Young,* assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: The defendant was tried and convicted for the offense of possession of a narcotic drug, namely cannabis, commonly called marihuana, in violation of G. S. 1961 Supp., 65-2502, and sentenced to the penitentiary.

At the trial defendant moved to suppress the evidence that served as a basis for his conviction on the ground it had been obtained by means of an unlawful search and seizure contrary to the provisions of the Fourth and Fourteenth Amendments to the federal constitution and section 15 of the Bill of Rights of the Constitution of the State of Kansas. Defendant assigns as error the trial court's overruling of his motion to suppress the evidence. The pertinent facts follow.

Shortly after midnight October 6, 1962, the sheriff, in company with other law enforcement officers carrying a warrant issued out of Wyandotte county for the arrest of the defendant charging him with obtaining narcotics by forged prescriptions, went to the home of the defendant in Lawrence. The officers rapped on defendant's door and advised him they were officers and had a warrant for his arrest. The officers were admitted. Defendant was placed under arrest pursuant to the warrant issued out of Wyandotte county and then was advised by the officers they would make a search of his apartment which consisted of a living room, kitchen, bathroom and small closet. The defendant consented and advised the officers to go ahead. The officers then made a search of the apartment and in

a closet adjoining the front room found a glass jar containing what subsequent tests proved to be cannabis.

In *Harris v. United States*, 331 U. S. 145, 91 L. Ed. 2d 1399, 67 S. Ct. 1098, and adopted by this court in *State v. Blood*, 190 Kan. 812, 821, 378 P. 2d 548, the court emphasized it is only unreasonable searches and seizures which come within the constitutional prohibition; that the test of reasonableness cannot be stated in rigid and absolute terms; and that each case is to be decided on its own facts and circumstances. In the *Harris* case a warrant had been issued for the petitioner's arrest charging violation of the Mail Fraud Statute and the National Stolen Property Act. Upon arrival at his apartment petitioner was arrested in the living room, and without a search warrant an intensive search followed for two canceled checks and other means by which the crimes charged might have been committed. In the course of this search a sealed envelope marked "personal papers" of the accused was found and torn open. It contained several draft cards which were property of the United States, and the possession of which was a federal offense. Thus, an arrest for one felony which was followed by a search, produced evidence of another felony. It was held the evidence found in the search was not obtained in violation of the provisions of the Fourth Amendment against unreasonable searches and seizures, nor did its use violate the privilege of the accused against self-incrimination under the Fifth Amendment.

The *Harris* case further stated the Fourth Amendment has never been held to require that every valid search and seizure be effected under the authority of a search warrant. Search and seizure incident to lawful arrest is a practice of ancient origin and has long been an integral part of the law-enforcement procedures of the United States and of the individual states.

It was also held a search incident to an arrest may, under appropriate circumstances, extend beyond the person of the one arrested to include the premises under his immediate control.

It was further stated in the *Harris* case (p. 151), in quoting from *Agnello v. United States*, 269 U. S. 20, 70 L. Ed. 145, 46 S. Ct. 4:

" 'The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody, is not to be doubted.' It is equally clear that a search incident to arrest, which is otherwise reasonable,

is not automatically rendered invalid by the fact that a dwelling place, as contrasted to a business premises, is subjected to search."

In the instant case the defendant does not question the validity of his arrest on the warrant issued out of Wyandotte county at the time in question, nor that the search, with defendant's consent, for the fruits of the crime revealed the unlawful possession of the cannabis in question, which possession was prohibited by section 65-2502, nor that such possession was a felony. No support can be found for the suggestion that the search made could not validly extend beyond the room in which the defendant was arrested. (*Harris v. United States,* supra.) Defendant was in the exclusive possession of his apartment. His control extended as much to one room or place in the apartment as to another. The instant case was not one in which law enforcement officers invaded a private dwelling without authority and seized evidence of crime. The officers entered the apartment of the defendant under the authority of a lawful warrant of arrest. Neither was the entry illegal nor was the arrest which followed in any sense illegal. (*Harris v. United States,* supra.)

Defendant points out that by virtue of *United States v. Donnelly,* 179 F. 2d 227, following the rule announced in *Trupiano v. United States,* 334 U. S. 699, 92 L. Ed. 1663, 68 S. Ct. 1229, that where there is ample time in which a search warrant could have been procured, a search without such warrant is unreasonable and illegal even though incident to a valid arrest. The two cases cited and relied on by defendant have been overruled in the case of *United States v. Rabinowitz,* 339 U. S. 56, 94 L. Ed. 653, 70 S. Ct. 430, wherein at page 65 it was stated:

"A rule of thumb requiring that a search warrant always be procured whenever practicable may be appealing from the vantage point of easy administration. But we cannot agree that this requirement should be crystallized into a *sine qua non* to the reasonableness of a search. It is fallacious to judge events retrospectively and thus to determine, considering the time element alone, that there was time to procure a search warrant.'

Therefore, the defendant's contention in this respect is without merit.

Defendant further argues the search conducted by the arresting officers was of an exploratory nature and therefore unreasonable, and relies on the case of *United States v. Lefkowitz,* 285 U. S. 452, 76. L. Ed. 877, 52 S. Ct. 420, which condemns exploratory searches. However, the *Lefkowitz* case distinguishes between an exploratory

search for merely evidentiary items which may not be seized, even with a valid search warrant, and those items which may properly be seized, including the fruits of the crime or the means by which it was accomplished. This case was discussed in *Harris v. United States,* supra. The facts in the present case indicate the defendant was arrested pursuant to a warrant charging him with forging prescriptions in order to obtain narcotic drugs. The search that followed was for the purpose of discovering prescription blanks or bottles of narcotics obtained by the alleged forged prescriptions and other means by which the crime charged might have been committed. These items are the fruits and instrumentalities of the alleged crime rather than mere evidentiary items tending to connect the defendant with the offense. Thus, the search conducted in the present case is not consistent with the principles announced in the *Lefkowitz* case.

There is nothing in the Fourth Amendment which prohibits the seizure by law enforcement agents of government property, the possession of which is a crime, even though the officers are not aware that such property is on the premises when the search is initiated, when entry upon the premises of one be authorized and the search which follows be valid. (*Harris v. United States,* supra.) In *State v. Holmes,* 191 Kan. 126, 128, 379 P. 2d 304, we stated:

"It is contended the court erred in admitting evidence secured by illegal search and seizure. This argument likewise is without merit. The raid was made by officers under the authority of a search warrant for liquor violations, but it does not follow they were completely impotent to act when, during the process of the raid, they discovered the gambling activities in question."

In view of what has been said we are of the opinion the admission of the evidence obtained as hereinbefore stated did not violate any constitutional rights of the defendant.

The defendant further argues the trial court prejudiced his cause by interrupting his counsel during the *voir dire* examination and opening statement to the jury. All that need be said is that the trial court has broad discretion in controlling both the *voir dire* examination (*Mathena v. Burchett,* 189 Kan. 350, 355, 369 P. 2d 487) and the opening statement (*State v. Laird,* 79 Kan. 681, 100 Pac. 637) and reviewing courts will not interfere unless discretion has been abused. The record is void of any indication of any abuse of discretion. On the contrary, the record indicates the court had a duty to make the suggestions to defendant's counsel, and defendant's contention on this issue is without merit.

The case is affirmed under the authority of *Harris v. United States*, supra, and *State v. Blood*, supra, and cases therein cited.

It is so ordered.

FONTRON, J., not participating.