492 A.2d 351

**Anthony HOLMES**

v.

**STATE of Maryland.**

**No. 1103, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

May 14, 1985.

Jonathan Scott Smith, Assigned Public Defender of Ellicott City (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Stephanie J. Lane, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty., and Ruth M. Finch, Asst. State's Atty., both for Baltimore City, Baltimore, on brief), for appellee.

Argued before WEANT, GETTY and ROBERT M. BELL, JJ.

WEANT, Judge.

Impeaching a witness's credibility by introducing proof of his convictions for certain "infamous" crimes or those

crimes involving moral turpitude or indicating a lack of veracity is an accepted practice. In this appeal we are asked to determine whether a conviction for a "handgun violation" is relevant to the issue of credibility and therefore admissible for the purposes of impeaching a witness's testimony.

### 1.

A Baltimore City jury convicted Anthony Holmes on charges of first degree felony murder, armed robbery, attempted armed robbery, and two counts of use of a handgun in commission of a felony, in the death of a City cab driver, Benjamin Mackall. Co-defendant Horace Thornton was tried separately. He was convicted of robbery with a dangerous and deadly weapon but acquitted on the murder charge. Thornton then became a State's witness in Holmes's trial. During cross-examination, Thornton testified that at one time he had also been charged with the cabbie's murder. Additionally, under counsel's questioning, he admitted that he had a prior conviction for a "handgun violation." Overriding counsel's insistence that the crime was one of moral turpitude, the trial court sustained the prosecution's objection and struck the witness's response.

On appeal Holmes contends that the trial court abused its discretion in refusing to admit Thornton's conviction for impeachment purposes, either on the ground that a "handgun violation" is a crime involving moral turpitude or, in the alternative, that it has a tendency to show that the witness should not be believed under oath.

■ In arguing for the admissibility of the conviction, appellant relies heavily on a previous suggestion by this Court that a witness's conviction on a "deadly weapon charge" could be potentially relevant in assessing that witness's propensity to tell the truth. *See Burrell v. State,* 42 Md.App. 130, 146, 399 A.2d 1354, 1363 (1979). Appellant postulates that (1) because a conviction under Md.Ann.Code art. 27, § 36B(d), "using a handgun in commission of a crime of violence," carries the prerequisite of a conviction of a crime of violence, *i.e.,* burglary, kidnapping, murder,

rape, robbery, and robbery with a deadly weapon, and (2) those offenses are considered to be crimes involving moral turpitude, Hochheimer, *Criminal Procedure,* § 10 (1897), then (3) if Thornton had been convicted of one of the enumerated crimes, (4) the resulting "handgun violation" would also be a crime involving moral turpitude. This premise, however, was contradicted in the case of *Ford v. State,* 274 Md. 546, 337 A.2d 81 (1975), wherein the Court said in 274 Md. at 551, 337 A.2d at 84:

> [A]n individual on trial for the handgun charge does not necessarily need to have been separately accused of the commission of a felony or crime of violence in an additional count or indictment before he can be charged with or convicted of the crime established in Section 36B(d). And, when the trier of fact considers an indictment containing both a section 36B(d) handgun count and a felony or crime of violence count, a conviction on the former can still be sustained even if the trier of fact returns a finding of not guilty on the latter....

We underline another fatal flaw—in the case *sub judice,* there is absolutely no indication, by evidence or even proffer, of what offense formed the basis for Thornton's "handgun violation." In the absence of some support for his position, we are unwilling to accept appellant's statement that art. 27, § 36B(d), use of a handgun in commission of a felony, is commonly referred to as a "handgun violation." Moreover, the record does not even indicate whether Thornton was convicted under Maryland's handgun statute or another jurisdiction's. We do note, however, that the court's decision not to permit the conviction to be used is in line with case law in other jurisdictions holding that misdemeanor handgun offenses do not qualify as crimes of moral turpitude and, therefore, cannot be used for impeachment purposes. *See, e.g., State v. LaBarge,* 275 S.C. 168, 268 S.E.2d 278 (1980) (possession of unlawful weapon); *Ramsey v. State,* 145 Ga.App. 60, 243 S.E.2d 555, 558 (1978), *rev'd on other grounds,* 241 Ga. 426, 246 S.E.2d 190 (1978) (misdemeanor firearms violations, to wit, carrying concealed

weapon and failing to register firearm); *Trippell v. State,* 535 S.W.2d 178 (Tex.Crim.App.1976) (misdemeanor offense of carrying pistol); *Hartford Accident Indemnity Co. v. Williams,* 516 S.W.2d 425 (Tex.Civ.App.1974), *application for writ of error refused* (offense of unlawfully carrying arms); *c.f. Savage v. State,* 380 So.2d 375 (Ala.Cr.App.1980) (assault with a dangerous weapon).

2.

Holmes also criticizes the prosecutor's opening statement and cites as grounds for reversal the trial court's failure to grant his motion for mistrial or to take corrective action following the State's remarks. In its opening, the State explained that both the appellant and Thornton had been involved in the robbery and murder of a City cab driver. The prosecutor told the jury that no one saw who actually pulled the trigger and killed the cabbie—it would be up to them to determine, based on the credibility of the witnesses, who would be held responsible for the murder. At one point she stated that both Thornton and appellant would deny pulling the trigger. Furthermore, the prosecutor informed the jurors that Holmes would produce alibi witnesses. No alibi witnesses were called. At the conclusion of the State's case, Holmes initially elected not to testify, but then changed his mind. In her closing argument the Assistant State's Attorney reminded the jury that the accused had failed to call any witnesses to support his alibi. Appellant concedes that the State is entitled to argue the reasonableless of expecting a defendant to justify or explain the absence of alibi witnesses. *Pierce v. State,* 34 Md.App. 654, 369 A.2d 140, *cert. denied,* 280 Md. 734, *cert. denied,* 434 U.S. 907, 98 S.Ct. 307, 54 L.Ed.2d 194 (1977). Nonetheless, he maintains that the prosecutor's opening statement prejudiced him by promising the jury that appellant would take the stand and deny killing the victim and would support his testimony with alibi witnesses. Because he had no obligation to take the stand or to call witnesses in his behalf, Holmes argues the prosecutor's actions resulted in a denial of his due process rights.

■ The State challenges appellant's ability to raise the issue of an alleged error by arguing that appellant failed to object at the time such comments were made. Md.Rule 1085. Though we note that the objections did not follow immediately upon the prosecutor's statements, counsel did make the court aware of his position that the comments were improper and prejudicial in close vicinity to the objectionable portions. This was sufficient to preserve his rights. *See Holbrook v. State,* 6 Md.App. 265, 250 A.2d 904 (1969); *Curry v. State,* 54 Md.App. 250, 458 A.2d 474 (1983), *appeal after remand,* 60 Md.App. 171, 481 A.2d 812 (1984).

■ Appellant makes no allegations that the prosecutor acted in bad faith in her opening remarks. *Wilhelm v. State,* 272 Md. 404, 412, 326 A.2d 707, 714 (1974). We agree with the trial court's conclusion that portions of the prosecutor's statement exceeded the parameters of proper opening. The court did, however, instruct the jury that the opening remarks of counsel were not evidence. We find nothing in the State's opening to suggest that the court abused its discretion in denying appellant's request for mistrial.

JUDGMENTS AFFIRMED.

COSTS TO BE PAID BY APPELLANT.