COBB, Judge.
The appellant raises several points on appeal. First, it is contended the trial court should have declared a mistrial because the prosecutor, during opening statement, cautioned the jury to listen very carefully to the defense’s alibi witnesses because they had given inconsistent statements. The trial court instructed the jury to disregard any statements concerning an alibi, but denied a motion for mistrial. Ultimately, the defense presented no evidence.
In closing argument the prosecutor maintained that the defense had presented no evidence to contradict the state’s case, and again the defense unsuccessfully moved for a mistrial.
We find no error in the trial court’s denial of the mistrial motions. Where the defense has given notice that it will rely on a particular defense, it is not improper for the prosecution to address that defense, in good faith, in opening argument. Occhicone v. State, 570 So.2d 902 (Fla.1990), cert. denied, — U.S. -, 111 S.Ct. 2067, 114 L.Ed.2d 471 (1991); Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983), rev. denied, 447 So.2d 888 (Fla.1984). Moreover, it is well established that it is proper for the prosecutor to point out in closing argument that the state’s case is uncontradicted. See White v. State, 377 So.2d 1149 (Fla.1979). It is not improper to comment on the credibility of the defense in general as opposed to an individual defendant. State v. Sheperd, 479 So.2d 106 (Fla.1985).
Jacobs also contends that it was error for the trial court to impose two consecutive mandatory minimum penalties for violation of section 775.087(2), Florida Statutes (1989). He relies on Palmer v. State, 438 So.2d 1 (Fla.1983). This argument is also without merit because the instant crime involved two separate victims and two separate and distinct offenses — murder and attempted murder. See State v. Thomas, 487 So.2d 1043 (Fla.1986) and Kelly v. State, 552 So.2d 206 (Fla. 5th DCA 1989), rev. denied, 563 So.2d 632 (Fla.1990).
AFFIRMED.
PETERSON and GRIFFIN, JJ„ concur.