(853 P.2d 65)

No. 68,621

STATE OF KANSAS, *Appellee,* v. VERNON L. DANIELS, *Appellant.*

Opinion filed May 21, 1993.

*Reid T. Nelson,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for the appellant.

*W. Scott Toth,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before BRAZIL, P.J., LEWIS, J., and DANIEL L. BREWSTER, District Judge, assigned.

LEWIS, J.: This is an appeal by the defendant in a misdemeanor case. The defendant argues that the sentence imposed on him is illegal.

The defendant was charged with the crime of attempted aggravated incest in case No. K-67768 in Johnson County. While on bond awaiting trial on that charge, the defendant was charged with criminal trespass in case No. 68611, also in Johnson County.

The defendant then committed a second criminal trespass while on bond for which he was charged in case No. K-69408.

In case No. K-69408, the defendant was sentenced to a term of six months in the county jail to run consecutive to sentences imposed in cases Nos. K-68611 and K-67768.

In case No. K-68611, the defendant was given a sentence of six months in the county jail, to run consecutive to the sentence imposed in case No. K-67768.

In case No. K-67768, the defendant was sentenced to a term of one to five years in the custody of the Secretary of Corrections for the crime of attempted aggravated incest.

The defendant appeals only the sentence imposed in case No. K-69408. He argues that the trial court had no authority to impose a county jail sentence to run consecutive to a felony conviction sentence imposed on an earlier charge. We disagree.

We begin our analysis by noting that the parties to this appeal entered into a plea agreement. This agreement was stipulated to by both parties, who jointly asked the court to impose the sentence which the defendant now claims is illegal.

At the time the defendant entered his plea of guilty in case No. K-69408, his attorney advised the court as follows:

"MR. TURNER: Yes, Your Honor. If I could just provide a brief summary that again, 69155, a criminal trespass case in Judge Cleaver's Court will be dismissed. Mr. Daniels will enter a plea to both the cases before this Court which constitute criminal trespass, Count I of 69408, and a battery charge will be dismissed. Mr. Daniels will also be entering a plea of guilty to attempted aggravated incest. The parties will recommend one to five years. *All cases will run consecutive to one another.* The parties are open on the issue of probation." (Emphasis added.)

At the time of sentencing, the trial court, before sentencing the defendant, announced in open court:

"These matters are before the Court today for sentencing. The case numbered 68611 is a case in which the defendant has entered a plea of guilty to criminal trespass, a Class 'B' misdemeanor. In the other case numbered K-69408, the file reflects a plea of guilty to Count II also to the charge of criminal trespass *and the Court further notes that a part of the agreement is that the sentence in the higher numbered case is to run consecutive to the plea—the sentence, rather, in the lower numbered case. Is there any other part of the plea disposition agreement that the Court should be made aware of?*

"MR. TURNER: Yes, Your Honor, and Mr. Warner has asked me to state the plea agreement in this case. The plea agreement was for six months on each count and the parties are open as to probation." (Emphasis added.)

We note that there was no negative response from counsel for the defendant to the announcement by the trial court that, pursuant to the plea agreement, the sentences were to run consecutive to one another.

Later on in the sentencing proceedings, the defendant's attorney, while asking for probation, stated the following:

"I would inform the Court that he is scheduled for sentencing January 29th in Court 3 on an attempted aggravated incest. The sentence in that case will be a one to five years *which will run consecutive to this case.* Under the circumstances of these criminal trespasses, Your Honor, I do think that requiring him to serve a full year would be a harsh penalty." (Emphasis added.)

It is plain to see that the defendant received the precise sentence for which he bargained and requested the court to impose. The defendant now comes before this court and asks that we determine that the sentence he requested the court to impose is illegal and void. Under these circumstances, the doctrine of invited error seems appropriate: "It is a general rule that a litigant may not invite error and then complain of that error on appeal." *State v. Higgins,* 243 Kan. 48, 51, 755 P.2d 12 (1988). See *State v. Crawford,* 250 Kan. 174, 177, 824 P.2d 951 (1992); *State v. Cramer,* 17 Kan. App. 2d 623, 633, 841 P.2d 1111 (1992).

However, we do not believe that the court erred on the sentence imposed in this case. For that reason, we do not consider the theory of invited error to be applicable.

The defendant bases his argument on the illegality of the sentence on K.S.A. 1992 Supp. 21-4608(7), which reads as follows: "When a definite and an indefinite term run consecutively, the period of the definite term is added to both the minimum and maximum of the indeterminate term and both sentences are satisfied by serving the indeterminate term."

The defendant argues that under that provision of 21-4608, the only proper sentence which the defendant could serve in this case would be one year and six months to five years and six months. The defendant argues that, because of the existence of 21-4608(7), a defendant cannot be required to serve his term in

the custody of the Secretary of Corrections and then serve a consecutive county jail sentence.

It appears to us that 21-4608(7) is an enactment directed to the authorities who determine when a defendant is to be released from his sentence. This is not a function ordinarily imposed upon trial courts. We do not believe that the sentence imposed in this case is illegal. However, it does appear that, absent the requirements of K.S.A. 1992 Supp. 21-4608(3), the Department of Corrections would be required to aggregate the sentence in the manner stipulated by 21-4608(7). This would be required to determine the defendant's release date and his parole eligibility date. These dates are not determined by the trial court. The fact that the Department of Corrections must administratively aggregate the sentence imposed under certain circumstances does not make that sentence illegal. We believe that 21-4608(7) is nothing more than a factor which must be considered by the Department of Corrections in order to compute the proper release date and parole eligibility date for an inmate.

However, we need not rest our decision on the basis stated above. In this case, the crime of criminal trespass was committed while the defendant was free on bond from a felony charge of attempted aggravated incest. Under these circumstances, K.S.A. 1992 Supp. 21-4608(4) mandates the trial court to impose a consecutive sentence. K.S.A. 1992 Supp. 21-4608(4) reads as follows: "Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated shall serve the sentence consecutively to the term or terms under which the person was released."

K.S.A. 1992 Supp. 21-4608(4) and 21-4608(7) are in obvious conflict. K.S.A. 1992 Supp. 21-4608(4) reflects the clear intention of the legislature to deter crime by imposing a harsher penalty on those who commit crimes while released on bond from a prior charge. The will of the legislature is enforced by requiring the trial judge to impose the harsher penalty of a consecutive sentence. The trial judge has no discretion and must impose the sentence for any crime committed while on release to run consecutively to the sentence given for the earlier crime. If that sentence must be aggregated in the manner argued by the de-

fendant and stipulated by 21-4608(7), then the effect of the consecutive sentence is lessened and the will of the legislature thwarted. The defendant's principal argument is that he cannot accumulate good time credits in the county jail and, thus, will be required to serve more time if the sentence is carried out as stated by the trial court. This is the penalty he pays for committing another crime while on release from custody for an earlier charge.

We hold that K.S.A. 1992 Supp. 21-4608(4) is the more specific provision and, as a result, it controls over 21-4608(7).

"For the general statute versus specific statute rationale to be applicable to the two crimes, the indecent liberties statute must be viewed as a statute generally prohibiting certain sexual behavior and the aggravated incest statute as applying to the identical prohibited conduct by a person related to the victim. 'When there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears that the legislature intended to make the general act controlling.' *State v. Wilcox*, 245 Kan. 76, Syl. ¶ 1, 775 P.2d 177 (1989). See *State v. Makin*, 223 Kan. 743, 748, 576 P.2d 666 (1978).

"A statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is specific. *Seltmann v. Board of County Commissioners*, 212 Kan. 805, Syl. ¶ 2." *State v. Williams*, 250 Kan. 730, 736, 829 P.2d 892 (1992).

See *State v. Harpool*, 246 Kan. 226, 229, 788 P.2d 281 (1990).

K.S.A. 1992 Supp. 21-4608(4) specifically applies to persons who commit crimes while on release from custody for another charge and mandates a harsher sentence for this particular class of individuals. K.S.A. 1992 Supp. 21-4608(7), on the other hand, is a general application and relates generally to all persons convicted of and sentenced for criminal activity. It is clear, and we hold, K.S.A. 1992 Supp. 21-4608(4) is the more specific enactment and it takes precedence over K.S.A. 1992 Supp. 21-4608(7). Any contrary decision would impede the clear intent of the legislature to impose heavier penalties on those who commit a second crime while on release from custody for a first.

We hold that the sentence imposed in this case is legal. We specifically hold that, when mandated by 21-4608(4), a sentence to the county jail to be served consecutively to a felony sentence in the custody of the secretary of corrections is a legal sentence

and must be carried out as handed down. This defendant's sentence is not subject to aggregation under 21-4608(7).

The sentence imposed in this case is within the statutory guidelines and was imposed under circumstances in which the trial judge had no discretion. It is a legal sentence which must be served by the defendant as a penalty for committing a second crime while on release from custody for an earlier felony charge.

Affirmed.