THOMPSON, Judge.
Dywain A. Frederick appeals two consecutive minimum mandatory three-year sentences imposed after he entered a plea of nolo contendere. Frederick entered pleas to robbery with a firearm[1] and aggravated battery with a firearm.[2] Both charges arose out of the same incident and involved the same victim. The two crimes 'occurred within three minutes of each other. We affirm the convictions, but we reverse his sentences.
The minimum mandatory sentences were imposed pursuant to section 775.087(2)(a)(1), Florida Statutes (1991). Since these two mandatory sentences arose out of one transaction and involve one victim, the three year mandatory minimum sentences may be imposed concurrently, but not consecutively. Daniels v. State, 595 So.2d 952 (Fla.1992); Langley v. State, 614 So.2d 34 (Fla. 5th DCA 1993). Cf. Jacobs v. State, 600 So.2d 1199, 1200 (Fla. 5th DCA 1992) (consecutive minimum mandatory sentences are appropriate where the crime involved two separate victims and two separate and distinct offenses); Kelly v. State, 552 So.2d 206, 208 (Fla. 5th *1048 DCA 1989), review denied, 563 So.2d 632 (Fla.1990) (individual acts separated by time and by physical locations even though the victims were the same was sufficient to impose consecutive minimum mandatory sentences). It was error to sentence Frederick to serve two consecutive minimum mandatory sentences.
Convictions AFFIRMED; Sentences REVERSED and REMANDED for resentenc-ing.
PETERSON and DIAMANTIS, JJ., concur.

. § 812.13(2)(a), Fla.Stat. (1991).

. § 784.045(l)(a)2, Fla.Stat. (1991).