(915 P.2d 790)
No. 73,859

KENNETH WILLIAM BLOMEYER, *Appellee*, v. STATE OF KANSAS, by Paul J. Morrison, District Attorney, Tenth Judicial District; and GARY STOTTS, Secretary of Corrections for the State of Kansas, *Appellants*.

Opinion filed May 17, 1996.

*Lisa A. Mendoza*, of Kansas Department of Corrections, for appellant Secretary of Corrections.

*William Grimshaw*, of Olathe, for appellee.

Before ROYSE, P.J., GERNON, J., and MARLA J. LUCKERT, District Judge, assigned.

LUCKERT, J.: The Kansas Secretary of Corrections appeals a decision granting relief to Kenneth William Blomeyer pursuant to K.S.A. 60-1507. The action arose when the Department of Corrections (DOC) aggregated three consecutive sentences and determined that all three sentences should be considered for purposes of determining whether Blomeyer was eligible for conversion under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq*. Blomeyer argued that he had served his time on the earliest of the sentences, which was the crime which made him ineligible for conversion under K.S.A. 21-4724(b)(1). He requested a determination that the oldest of the three consecutive sentences had expired resulting in his eligibility for conversion under the KSGA. The district court granted Blomeyer's requested relief. We affirm.

Of the convictions at issue, Blomeyer was first convicted of conspiracy to deliver cocaine. He was sentenced to an indeterminate sentence of not less than 1 and not more than 5 years. His sentence for this conviction began on May 22, 1984.

Blomeyer was later paroled on this conviction. While on parole Blomeyer received two additional convictions. In one case he was convicted of felony theft and sentenced to an indeterminate term of not less than 1 year and not more than 2 years. In another case he was convicted of felony burglary and sentenced to not less than 2 and ½ and not more than 8 years. Pursuant to K.S.A. 21-4608(c), the sentences for these new crimes were imposed consecutive to each other and consecutive to the sentence imposed for his conviction of conspiracy to deliver cocaine. The last two sentences began on March 27, 1986.

Blomeyer's parole was revoked by the Kansas Parole Board on or about October 27, 1987. He was ordered to serve until his parole eligibility date on the time resulting from the aggregation of the three sentences. Applying K.S.A. 21-4608(f)(4) and giving Blomeyer credit for time served, the DOC determined Blomeyer's controlling sentence in all three cases was 4 and ½ to 15 years.

It is undisputed that Blomeyer had served longer than the 5-year maximum on his original conviction by the time the DOC considered whether he was eligible for conversion under the KSGA. However, the DOC treated the three convictions as aggregated and, because Blomeyer had not exhausted the aggregated time, determined Blomeyer was still serving time on the conspiracy to deliver cocaine charge. This determination made Blomeyer ineligible for conversion. See *State v. Lunsford*, 257 Kan. 508, Syl. ¶ 1, 894 P.2d 200 (1995).

The DOC reached this determination by applying 21-4608(f)(4), which provides:

"(f) . . . In calculating the time to be served on concurrent and consecutive sentences, the following rules shall apply:

. . . .

(4) When indeterminate sentences are imposed to be served consecutively to sentences previously imposed in any other court or the sentencing court, the aggregated minimums and maximums shall be computed from the effective date of the subsequent sentences which have been imposed as consecutive. For the purpose of determining the sentence begins date and the parole eligibility and conditional release dates, the inmate shall be given credit on the aggregate sentence for time spent imprisoned on the previous sentences, but not exceeding an amount equal to the previous minimum sentence less the maximum amount of good time credit that could have been earned on the minimum sentence. For the purpose of computing the maximum date, the inmate shall be given credit for all time spent imprisoned on the previous sentence. This method for computation of the maximum sentence shall be utilized for all sentences computed pursuant to this subsection after July 1, 1983.

"Nothing in this subsection (f)(4) shall affect the authority of the Kansas parole board to determine the parole eligibility of inmates pursuant to subsection (d) of K.S.A. 22-3717 and amendments thereto."

In considering Blomeyer's petition pursuant to 60-1507, the district court found that the provisions of 21-4608(f)(4) were administrative in nature and not substantive.

Our review of the ruling is unlimited; the interpretation of 21-4608(f)(4) is a question of law. See *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

On appeal the DOC argues the district court's ruling disregards the clear legislative intent of the statute. Relying upon prior case

law, the DOC argues that the legislative intent behind 21-4608(f)(4) was to treat more harshly defendants who committed additional felony crimes after being released to a community corrections program or while on parole, probation, postrelease supervision, or conditional release. However, the cases cited by the DOC do not hold that the legislature intended harsh treatment through the aggregation provisions. Rather, the findings in these cases reflect that the legislative intent was to impose a harsher penalty by requiring consecutive sentences if a second crime is committed while a defendant is on probation, parole, conditional release, postrelease supervision, or assignment to a community correctional services program. See, *e.g.*, *State v. Reed*, 237 Kan. 685, 687, 703 P.2d 756 (1985) (K.S.A. 21-4608 enacted to require mandatory consecutive sentences in certain cases to deal with the concern of the public over felonies committed by persons who had previous felony charges); *State v. Daniels*, 18 Kan. App. 2d 338, 341, 853 P.2d 65, *rev. denied* 253 Kan. 861 (1993) ("K.S.A. 1992 Supp. 21-4608(4) reflects the clear intention of the legislature to deter crime by . . . requiring the judge to impose the harsher penalty of a consecutive sentence."). Hence, these cases do not support the DOC's construction of 21-4608(f)(4).

Additionally, the language of the statute does not support the interpretation suggested by the DOC. The stated purpose of 21-4608(f) is to allow determination of the time to be served on multiple sentences, the sentence begin date, and parole eligibility and conditional release dates. There is no language in the statute which would allow application of the aggregation rules to purposes other than those stated.

The statute does not allow an administrative conversion of a sentence of 1 to 5 years to a sentence which is not satisfied at the expiration of a 5-year term. The character of a sentence may not be changed in this manner. Once the district court has imposed the sentence, it may not be made harsher. See *State v. Royse*, 252 Kan. 394, 398, 845 P.2d 44 (1993). The harsh punishment intended by the legislature for Blomeyer's failure to remain law abiding while on parole must be and was imposed through making the sentences

on the last two convictions consecutive to each other and to the earlier conviction.

Blomeyer has served longer than the 5-year maximum term for his original conviction. For purposes of applying the KSGA, Blomeyer cannot be considered as still serving a sentence for the conspiracy to deliver cocaine. That crime has expired, and Blomeyer was eligible for conversion since the remaining convictions are not ones which fall under the exceptions to conversion found in K.S.A. 21-4724.

Affirmed.