(956 P.2d 737)
No. 77,432

STATE OF KANSAS, *Appellee*, v. JEFFERY S. DUNCAN, *Appellant*.

Opinion filed April 3, 1998.

*Mary Curtis*, assistant appellate defender, and *Jessica R. Kuneri*, chief appellate defender, for appellant.

*Terra D. Morehead*, assistant district attorney, *Nick A. Tomisic*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., ROYSE, J., and DAVID W. KENNEDY, District Judge, assigned.

ROYSE, J.: Jeffery S. Duncan was charged with committing two counts of rape and four counts of aggravated criminal sodomy on his 4-year-old daughter, C.D. The jury found Duncan guilty on all six counts, and the district court sentenced him to a controlling

sentence of 154 months under the Kansas Sentencing Guidelines Act (KSGA). Duncan appeals.

Duncan's first argument on appeal is that the district court erred in allowing the State to comment on Duncan's evidence in its opening statement. Duncan's argument concerns the State's reference in opening statement to two witnesses the defense would present. The record reflects that, prior to trial, Duncan had endorsed Jeri Oelschlaeger and Carol Carter as witnesses. Duncan indicated to the district court that these witnesses would testify that J.D., Duncan's 9-year-old son, had caused C.D.'s injuries while playing with her. During her opening statement to the jury, the prosecutor commented that the jury would hear evidence from the defendant's mother, Carol Carter. Duncan objected, arguing that it was improper for the State to anticipate in its opening statement evidence the defense would present. The district court overruled Duncan's objection. The prosecutor then went on without objection to outline the anticipated testimony of Oelschlaeger and Carter.

The district court has broad discretion in controlling the opening statement and reviewing courts will not interfere unless discretion has been abused. *Timsah v. General Motors Corp.*, 225 Kan. 305, 316, 591 P.2d 154 (1979); *State v. Crouch*, 192 Kan. 602, 606, 389 P.2d 824 (1964); 23A C.J.S., Criminal Law § 1241, p. 128. Discretion is abused only when no reasonable person would take the view adopted by the trial court. *State v. Hegwood*, 256 Kan. 901, 903, 888 P.2d 856 (1995).

On appeal, Duncan cites no authority to support his claim that the State may not anticipate a defense in opening statement. The only relevant statutory provision, K.S.A. 22-3414(1), merely states in broad terms that the prosecuting attorney shall "state the case." In addition, our Supreme Court has emphasized that an opening statement is designed to inform the jury of the issues to be decided.

"The opening statements of counsel are generally no more than outlines of anticipated proof and are not intended as a complete recital of the facts to be produced on contested issues. Their purpose is to inform the jury in a general way of the nature of the action and defense; to advise it of the facts relied upon by the party to make up his cause of action or defense, and to define the nature of the issues to be tried and the facts intended to be proved, so as to better enable

it to understand the case." *Miller v. Braun*, 196 Kan. 313, 316-17, 411 P.2d 621 (1966).

While there are no Kansas cases directly on point, one commentator has observed that counsel may state in opening statement "an anticipated defense of his opponent in so far as it appears of record." 88 C.J.S., Trial § 161, p. 312. The majority of cases from other jurisdictions are to the same effect. For example, in *Jacobs v. State*, 600 So. 2d 1199, 1200 (Fla. Dist. App. 1992), the court held it was not improper for the prosecutor to address an alibi defense in opening statement, where the defense had given notice that it would rely on that defense. See also *State v. Eisenlord*, 137 Ariz. App. 385, 390, 670 P.2d 1209 (1983) (after defense gave notice of entrapment as defense, not improper for prosecutor to discuss entrapment in opening statement); *Occhicone v. State*, 570 So. 2d 902, 904 (Fla. 1990), *cert. denied* 500 U.S. 938 (1991) (after defense gave notice of insanity defense, not improper for prosecutor to discuss insanity defense in opening statement); *People v. Pittman*, 100 Ill. App. 3d 838, 842-43, 427 N.E.2d 276 (1981), *aff'd* 93 Ill. 2d 169, 442 N.E.2d 836 (1982) (entrapment); *Chatman v. State*, 263 Ind. 531, 540, 334 N.E.2d 673 (1975) (alibi); *State v. Lane*, 49 Ohio St. 2d 77, 82, 358 N.E.2d 1081 (1976), *cert. granted on imposition of death sentence*, 438 U.S. 911 (1978) (alibi).

In *Holmes v. State*, 63 Md. App. 159, 164, 492 A.2d 354 (1985), the court did conclude that it was improper for the prosecutor to tell the jury that the defense would offer alibi witnesses. In that opinion, however, there is no indication that the defense appeared of record; the opinion does not state that the defendant had given a notice of alibi defense. Unlike this case, the defense in *Holmes* did not call any alibi witnesses. Moreover, *Holmes* concluded that even though the prosecutor's opening statement contained improper comments, the trial judge had correctly denied a motion for mistrial. The error was remedied by an instruction to the jury that statements of counsel are not evidence. Such an instruction was given in this case.

Duncan asserts for the first time on appeal that the State's opening statement violated his constitutional rights to prepare a defense

and to refuse to testify. He claims that the State's opening statement forced him to proceed with the theory that J.D. had injured C.D., even though that theory had been "sullied by the remarks" of the prosecutor. One problem with this assertion is that there is nothing to support it in the record; Duncan's trial attorney never complained that he preferred to change the defense strategy but could not do so because of the State's opening statement. A second problem with this assertion is that Duncan never objected that the prosecutor's opening statement had mischaracterized the statements of the defense witnesses.

Finally, Duncan argues that it was improper for the State to discuss the testimony of the defense witnesses, because the State had no intention of calling those witnesses. In support of this argument, Duncan cites *State v. Ruebke*, 240 Kan. 493, 503, 731 P.2d 842, *cert. denied* 483 U.S. 1024 (1987). In *Ruebke*, the State in its opening statement told the jury that it would present testimony from Leanne Esser. Esser would testify that the defendant told her he was upset with the shop teacher and asked her if she would come and visit him in jail if he killed someone or did something bad like that. Subsequently, Ruebke filed a motion in limine to suppress Esser's testimony. The trial court granted the motion in limine.

On appeal, Ruebke complained that the State's opening statement improperly referenced matters which were not provable or which the State did not attempt to prove at trial. The Supreme Court rejected that argument, noting that the prosecutor had reason to believe the testimony would be presented and that there was no evidence that the prosecution was acting in bad faith in making the statement. 240 Kan. at 503-04.

Duncan's reliance on *Ruebke* is misplaced. *Ruebke* addressed the propriety of comments by the prosecutor in connection with testimony the prosecutor told the jury he would present. *Ruebke* does not address the issue presented here.

In any event, the prosecutor in this case had reason to believe that the testimony of Carter and Oelschlaeger would be presented to the jury. Duncan's attorney had told the court immediately before jury selection began that he would call the two witnesses and

that the defense position would be that "the little boy did it." During jury selection, the prosecutor advised the prospective jurors that the defense had indicated it planned to call two witnesses. The prosecutor then, without objection, identified Carter and Oelschlaeger, told the jury that the witnesses were the defendant's mother and sister respectively, advised the potential jurors where the two women lived, and inquired whether any of the potential jurors knew the two women. There is no evidence to indicate that the State's attorney was acting in bad faith when she later referred to the anticipated testimony of those two witnesses in her opening statement.

For all these reasons, the district court did not abuse its discretion in permitting the prosecutor to comment in her opening statement on Duncan's anticipated defense, where that defense had been disclosed by the defendant's attorney on the record.

Duncan's second argument on appeal is that the district court erred by allowing the State to present expert testimony about the long-term effects of C.D.'s injuries. The State presented the testimony of Dr. Lynn Sheets, a pediatrician, who testified that C.D.'s injuries had produced extensive scarring. She indicated that because of the degree of injury C.D. had suffered, she expected that C.D. would experience sexual dysfunction and childbirth dysfunction.

At trial, Duncan's attorney objected to questions about C.D.'s prognosis on the grounds of relevance. The district court permitted the doctor to respond on the grounds that the testimony was relevant to the degree of force required to produce C.D.'s injuries.

"Evidence is relevant if it has any tendency to prove any material fact. K.S.A. 60-401. To be admissible, evidence must be confined to the issues but need not bear directly upon them. To render evidence of collateral facts competent, there must be some logical connection between them and the inference or result they are designed to establish. [Citations omitted]." *State v. Clements*, 244 Kan. 411, 415, 770 P.2d 447 (1989).

A trial court's ruling of the relevancy of evidence is discretionary and will not be disturbed on appeal absent a clear showing of abuse of discretion. *State v. Cooper*, 252 Kan. 340, 348, 845 P.2d 631 (1993).

On appeal, Duncan argues that the district court incorrectly believed force was an element of the charge. Duncan's contention mischaracterizes the record. As the district court acknowledged, the degree of force exerted in injuring C.D. was relevant to show that it was improbable that C.D.'s injuries were caused by her brother, J.D. In fact, during trial, Duncan's attorney agreed that the amount of force was an issue in the case. Because Duncan did not argue at trial that force was irrelevant, he may not do so on appeal. See K.S.A. 60-404; *State v. Holbrook*, 261 Kan. 635, Syl. ¶ 4, 932 P.2d 958 (1997).

Duncan's assertion that the evidence was presented merely to support an inference that this was a particularly heinous instance of sexual abuse is without merit. Because a reasonable person would take the view adopted by the district court, Duncan has failed to show that the district court abused its discretion in admitting the evidence.

After the briefs were filed in this case, Duncan submitted a Notice of Illegal Sentence. In this notice, Duncan argued for the first time that he was improperly sentenced under the KSGA and he should have been sentenced under the pre-KSGA sentencing statutes. Two errors in the notice bear mentioning. Duncan's notice points out that he was charged with crimes occurring between April 1, 1993, and May 10, 1994; he overlooks the fact that the jury instructions limited the jury to considering the period from May 1, 1993, through May 10, 1994. Duncan's notice alleges that he would have been entitled to a presumption of assignment to community corrections upon a pre-July 1, 1993, conviction for aggravated incest; he overlooks the fact that the legislature made aggravated incest a class C felony as of April 29, 1993. L. 1993, ch. 253, § 14.

Regardless of the errors in his notice, Duncan's illegal sentence claim is not properly before us. To the extent that Duncan's illegal sentence claim is a camouflaged argument that the verdict is unsupported by the evidence, that issue was not raised in his brief on appeal. The issues stated in an appellant's brief are binding. *Bryson v. Wichita State University*, 19 Kan. App. 2d 1104, 1106, 880 P.2d 800 (1994). And while it is true that an illegal sentence may be

corrected at any time, a party who invites error cannot then complain or take advantage of it on appeal. *State v. McBride*, 23 Kan. App. 2d 302, 304, 930 P.2d 618 (1996); *State v. Daniels*, 18 Kan. App. 2d 338, 340, 853 P.2d 65, *rev. denied* 253 Kan. 861 (1993). The sentencing transcript in this case discloses that both the prosecutor and Duncan treated sentencing in this case as a KSGA matter. In particular, Duncan's attorney advised the court that the PSI report correctly reported that Duncan had an I sentencing history and set forth the applicable KSGA sentencing ranges. In addition, Duncan's attorney reminded the court that no request for departure had been filed.

Duncan sought a KSGA sentence and that is what he received. He cannot now complain about it on appeal.

Affirmed.