NOT DESIGNATED FOR PUBLICATION

No. 114,831

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHARLES E. HARRIS,
*Appellant*,

v.

RAY ROBERTS, Secretary of Corrections, and EMMALEE CONOVER, WCF Warden,
*Appellees*.


MEMORANDUM OPINION

Appeal from Cowley District Court; JAMES T. PRINGLE, judge. Opinion filed June 10, 2016. Affirmed.

*Ian T. Otte*, of Herlocker, Roberts & Herlocker, L.L.C., of Winfield, for appellant.

*Julie L. St. Peter*, Kansas Department of Corrections, for appellees.


Before ARNOLD-BURGER, P.J., SCHROEDER, J., and JEFFREY E. GOERING, District Judge, assigned.


*Per Curiam*: Charles E. Harris, an inmate at the Winfield Correctional Facility, appeals the district court's denial of his petition for writ of habeas corpus pursuant to K.S.A. 2015 Supp. 60-1501. Harris had an aggregated prison term arising out of three separate cases. He contends that because he has fully completed his sentence for the first crime in the series, that crime must be removed from his aggregated sentence and his parole eligibility, conditional release, and sentence term recalculated. Because we are duty bound to follow Kansas Supreme Court precedent and in *Anderson v. Bruce*, 274

1

Kan. 37, 50 P.3d 1 (2002), the Kansas Supreme Court held that recalculation was not appropriate under identical circumstances, we must affirm.

## FACTUAL AND PROCEDURAL HISTORY

In February 1987, Harris was sentenced to a prison term of 4 to 20 years on five counts of forgery. Harris was paroled in 1990 before completion of his prison sentence. While on parole in April 1991, a jury convicted Harris of one count of theft. The district court sentenced Harris to a prison term of 1 to 5 years, to run consecutive to his sentence for the forgery convictions. Harris' aggregated prison term was 5 to 25 years.

In January 1992, Harris was paroled a second time before completion of his prison sentence. Because of events that occurred while on parole, Harris was convicted and sentenced to a prison term of 4 to 12 years on possession of cocaine and possession of drug paraphernalia. At that point, Harris' controlling prison term was 9 to 37 years.

On December 29, 2014, Harris filed a grievance with his Unit Team, requesting recalculation of his sentence, jail time credit, and immediate release. The Unit Team determined Harris was not entitled to recalculation of his sentence, and the warden concurred. Harris appealed to the Secretary of Corrections, who concluded the determination was appropriate.

On March 30, 2015, Harris filed a petition for writ of habeas corpus in the district court. In the petition, Harris argued that he had served the maximum prison term for each of his cases and requested immediate release.

The district court denied Harris relief on October 7, 2015, finding *Anderson* was controlling precedent on the issue presented by Harris' petition. Harris timely appealed.

2

As his sole claim of error, Harris argues the district court erred in denying his petition for writ of habeas corpus. Harris acknowledges that *Anderson* is controlling under the facts of this case. Nonetheless, he contends *Anderson* was wrongly decided and the Kansas Department of Corrections (KDOC) should have recalculated his parole eligibility, conditional release, and sentence term based on *Blomeyer v. State*, 22 Kan. App. 2d 382, 915 P.2d 790, *rev. denied* 260 Kan. 991 (1996).

We review a district court's decision on a K.S.A. 2015 Supp. 60-1501 petition to determine whether the district court's factual findings are supported by substantial competent evidence and whether those findings are sufficient to support the court's conclusions of law. The district court's conclusions of law are subject to de novo review. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004).

In *Anderson*, the defendant committed crimes while on parole two different times. The sentencing court ordered all the defendant's sentences, for the original crimes and parole crimes, to run consecutive to each other. The defendant filed a petition for writ of habeas corpus in the district court, pursuant to K.S.A. 2011 Supp. 60-1501. In the petition, the defendant requested the district court order the KDOC to recalculate his controlling prison term without considering his original offense because his sentence for that offense had been satisfied by his time spent in jail and on parole. After a hearing, the district court denied the defendant's petition, finding his sentence had been properly computed.

On appeal, the defendant argued his original offense retained its individuality despite aggregation of the sentences and, on serving his sentence for the original offense, he was entitled to have the offense removed and his parole eligibility, conditional release,

3

and sentence term recalculated. The Kansas Supreme Court rejected this argument, distinguishing his case from *Blomeyer.* The *Anderson* court stated:

> "[The defendant] is essentially urging this court to create a mechanism for recalculation of parole eligibility, conditional release, and maximum dates after service of the maximum time on the first offense. The fact that each of [the defendant]'s sentences retains its individual identity, however, does not entitle [the defendant] to have his sentence unaggregated for the purpose of sentence recalculation. Neither the statutes nor the regulations provide for such a recalculation. The legislature intended the aggregation rules to be used in making this calculation. See *Price* [*v. State*], 28 Kan. App. 2d [854,] 858, [21 P.3d 1021, *rev. denied* 271 Kan. 1037 (2001)]; *Blomeyer*, 22 Kan. App. 2d at 385. [The defendant] is required to serve additional time by the inclusion of his [original] offense in the calculation because that was the legislature's intent." *Anderson*, 274 Kan. at 50.

In his appellate brief, Harris asks us to overrule *Anderson*. However, we are duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Beck*, 32 Kan. App. 2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847 (2004). The Kansas Supreme Court has shown no indication that it is departing from its position in *Anderson*, and we are therefore bound by its precedent. See *Turner v. McKune*, No. 108,428, 2013 WL 2936140, at *2-3 (Kan. App.) (unpublished opinion) (citing several other cases in which this court has followed the ruling in *Anderson*), *rev. denied* 298 Kan. 1208 (2013).

Accordingly, the district court did not err in denying Harris' petition for writ of habeas corpus.

Affirmed.