**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 29 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ARTURO FRIA VAZQUEZ DEL
MERCADO,

      Defendant-Appellant.

No. 99-3247

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 98-CR-10117-02)

---

John V. Wachtel, of Klenda, Mitchell, Austerman & Zuerchler L.L.C., Wichita,
Kansas, for Appellant.

James E. Flory, Assistant United States Attorney, Office of United States
Attorney, Topeka, Kansas, (Jackie N. Williams, United States Attorney, Office of
United States Attorney, Wichita, Kansas, on the brief), for Appellee.

---

Before **SEYMOUR, HENRY,** and **MURPHY,** Circuit Judges.

---

**MURPHY**, Circuit Judge.

## I. INTRODUCTION & BACKGROUND

In March of 1999, Arturo Fria Vasquez del Mercado ("Fria") was indicted on one count of distribution of methamphetamine and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. At the completion of the government's case-in-chief, the district court granted Fria's motion to dismiss the possession with intent charge. The jury, however, convicted Fria on the two remaining counts. The district court subsequently sentenced Fria to two concurrent terms of 120 months' imprisonment.

Fria's appeal of his conviction focuses on the testimony of two indicted co-conspirators, Jo L. Taylor and Shawna Chincoya, who had entered into plea agreements under which they agreed to cooperate with the government in exchange for recommendations of more lenient sentencing. He first argues the district court's decision to allow testimony obtained by the government through offers of lenient treatment violated his Fifth Amendment due process rights. Fria next contends the district court did not properly instruct the jury about the unreliability of this testimony. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court concludes that the admission of the challenged testimony did not

offend due process and the district court adequately instructed the jury. We thus **affirm** Fria's conviction.

## II. DISCUSSION

### A. Co-conspirator Testimony

Fria argues the district court erred in allowing Taylor and Chincoya to testify against him because the government had induced that testimony by offering lenient treatment. In particular, Fria asserts the practice of prosecutors' offering lenient treatment in exchange for testimony is intolerable under the Fifth Amendment's due process clause. This court reviews *de novo* whether a violation of a defendant's Fifth Amendment due process rights occurred. *See United States v. Thody*, 978 F.2d 625, 628 (10th Cir. 1992).

In *United States v. Singleton*, an *en banc* panel of this court rejected an argument that 18 U.S.C. § 201(c)(2) applied to federal prosecutors so as to preclude them from introducing testimony of co-defendants which the prosecutors had procured through offers of leniency. *See* 165 F.3d 1297, 1299 (10th Cir. 1999) (en banc). The majority of the *en banc* court concluded that in enacting § 201(c)(2), Congress did not intend to criminalize the long-standing practice of prosecutors' extending offers of leniency in exchange for testimony. *See id.* at 1301-02. *Singleton*, however, involved only a question of statutory construction and did not address the separate issue presented in the instant case: whether due

process forbids a district court from admitting testimony obtained by the government through an offer of lenient treatment. The holding in *Singleton*, therefore, does not control Fria's constitutional challenge.

Fria first contends due process required the exclusion of Chincoya's and Taylor's testimony because by offering lenient treatment in exchange for that testimony, the government created an impermissible danger that their testimony would be perjurious. In *Hoffa v. United States*, the Supreme Court rejected the same argument in a challenge to the government's use of an informer's testimony. *See* 385 U.S. 293, 310-11 (1966). After acknowledging the existence of a risk that the informer witness would have a motive to lie, the Court nonetheless stated, "The established safeguards of the Anglo-American legal system leave the veracity of a witness to be tested by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury." *Id.* at 311. The Court then noted that the informer had been subjected to strenuous cross-examination concerning his relationship with government authorities and that the trial judge instructed the jury about assessing the informer's credibility. *See id.* at 311-12. Just as in *Hoffa*, Fria vigorously cross-examined Chincoya and Taylor, particularly concerning their plea agreements, and, as discussed *infra*, the district court properly charged the jury of the need to carefully assess the credibility of these witnesses. The potentially suspect nature of Chincoya's and Taylor's

-4-

testimony due to the government's offers of lenient treatment does not, therefore, render the admission of that testimony a violation of due process. *See also United States v. Cervantes-Pacheco*, 826 F.2d 310, 315 (5th Cir. 1987) ("As in the case of the witness who has been promised a reduced sentence, it is up to the jury to evaluate the credibility of the compensated witness.").

Fria next argues the admission of Chincoya's and Taylor's testimony violated his due process rights because 18 U.S.C. § 201(c)(2) precludes Fria from similarly making enticing offers in exchange for testimony, thus generating an unfair procedural imbalance whereby the prosecution may obtain and present testimony in a manner unavailable to the defendant. The Fifth Circuit recently rejected this precise argument in *United States v. Abrego*. *See* 141 F.3d 142, 151-52 (5th Cir. 1998). The *Abrego* court pointed out the myriad procedural safeguards to which a defendant is entitled when the government plans to introduce testimony obtained through offers of value and noted Abrego had not challenged the government's compliance with any of those safeguards. *See id.* Due to the availability of these protections and its recognition that the role of assessing witness credibility belongs to the jury, the Fifth Circuit concluded the use of testimony obtained through offers of leniency does not offend due process. *See id.* at 152.

Fria does not contest adherence to the procedural safeguards outlined in *Abrego* of prohibiting the government's deliberate use of perjured testimony, requiring the government to timely disclose the plea agreements, and providing Fria an adequate opportunity to cross-examine the witnesses about those agreements. *See id.* at 151-52. Moreover, although Fria does challenge the district court's jury instruction regarding the suspect nature of the challenged testimony, we conclude *infra* that the district court did not err in so instructing the jury. This court, therefore, follows the persuasive reasoning of *Abrego* and concludes that because the above-mentioned procedural safeguards were respected and the jury could adequately assess Chincoya's and Taylor's credibility, the admission of their testimony did not violate due process, regardless of the purported procedural imbalance created by 18 U.S.C. § 201(c)(2).[1]

**B. Jury Instructions**

Prior to trial, Fria submitted two proposed jury instructions concerning the reliability of co-conspirator testimony. The district court refused to give these two proposed instructions, instead charging the jury as follows:

> You have heard evidence that Chincoya and Taylor each hope to receive a reduced sentence in return for their cooperation with the

---

[1]As was true in *United States v. Abrego*, Fria "has not even alleged the existence of witnesses who would have been willing to testify in his favor had he been able to offer them incentives similar to those offered by the government." 141 F.3d 142, 152 (5th Cir. 1998).

government. Both are subject to mandatory minimum sentences, that is, sentences which must be of a certain minimum length. Chincoya and Taylor have entered into plea agreements with the government which provide that if the prosecutor handling these witness' cases believes that they have provided substantial assistance in this case, he can file in this court a motion to reduce the sentences below the mandatory minimum. I have no power to reduce a sentence for substantial assistance unless the U.S. Attorney files such a motion. If such a motion is filed, then it is entirely up to me to decide whether to reduce the sentence at all, and if so, how much to reduce it.

The testimony of a witness who provides evidence against a defendant for personal advantage, such as the possibility of a reduced sentence, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the witness's testimony has been affected by self interest, or by prejudice against a defendant.

Fria contends the district court erred in giving this instruction instead of his proffered instructions regarding the credibility of the co-conspirator testimony. "We review the district court's decision to give a particular jury instruction for abuse of discretion and consider the instructions as a whole de novo to determine whether they accurately informed the jury of the governing law." *United States v. Cerrato-Reyes*, 176 F.3d 1253, 1262 (10th Cir. 1999).

Jaime Valdez, a co-defendant who was tried with Fria, raised this precise argument in his appeal. *See United States v. Valdez*, No. 99-3248, slip op. at 4-7 (10th Cir. Aug. 29, 2000). This court rejected Valdez's challenge, concluding the district court "did not err in instructing the jury on the evaluation of accomplice testimony." *Id.* at 9. We are bound by the resolution of this issue in *Valdez*. This

-7-

court thus concludes that the district court properly apprised the jury of the governing law and did not abuse its discretion in rejecting Fria's proposed instructions regarding the credibility of co-conspirator testimony and instead charging the jury as it did.

## III. CONCLUSION

For the foregoing reasons, this court **AFFIRMS** the judgment of conviction entered against Fria by the District Court for the District of Kansas.