(21 P.3d 1021)

No. 84,844

CLIFFORD D. PRICE, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed
April 13, 2001.

*Niki Christopher*, assistant appellate defender, *Jessica R. Kunen*, chief appellate defender, for appellant.

*Richard A. Olmstead* and *Debra S. Peterson*, assistant district attorneys, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., BEIER, J., and DAVID PRAGER, Chief Justice Retired, assigned.

GREEN, J.: Clifford D. Price appeals the summary denial of his K.S.A. 60-1507 motion for retroactive sentence conversion under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.* Price claims he is eligible for conversion of his aggravated burglary sentence because he had completed his sentence for rape. We disagree and affirm.

In 1973, Price was convicted of aggravated burglary and rape. He was sentenced, under the statutes in effect at the time, to 5 to 20 years for each conviction, to be served consecutively. The Department of Corrections (DOC) aggregated his sentences to a term

of 10 to 40 years. Price began serving his sentence on January 27, 1973.

Price was conditionally released from prison on January 27, 1993, after serving 20 years of his sentence. On August 4, 1994, Price was returned to prison for technical violations of his conditional release.

Under K.S.A. 21-4724, the DOC reviewed Price's records and notified him that the severity level of his rape conviction made him ineligible for retroactive application of the sentencing guidelines for conversion of his aggravated burglary sentence.

Price moved under K.S.A. 60-1507 for conversion of his sentence, claiming he had served the maximum 20-year sentence for his rape conviction and, therefore, the rape conviction should not be counted against him in determining his eligibility for conversion of the sentence for aggravated burglary. Price's claim was summarily denied by the trial court without appointment of counsel or a hearing.

The sole issue on appeal is whether the trial court erred in refusing to grant a hearing on Price's 60-1507 motion based on the determination that he is ineligible for conversion under the KSGA. Our standard of review is whether the trial court abused its discretion in denying the hearing. *Estes v. State*, 221 Kan. 412, 414, 559 P.2d 392 (1977). An evidentiary hearing on a K.S.A. 60-1507 motion is not required if the motion and the files and records of the case conclusively show that the movant is not entitled to relief. K.S.A. 60-1507(b). The burden is on the movant to allege facts sufficient to warrant a hearing on the motion. *State v. Jackson*, 255 Kan. 455, 463, 874 P.2d 1138 (1994). If no substantial issues of fact are presented by the motion, the district court is not required to appoint counsel or hold a hearing. *Rhone v. State*, 211 Kan. 206, 208, 505 P.2d 673 (1973).

It is undisputed that Price served 20 years of his sentence by the time the DOC considered whether he was eligible for conversion under the KSGA. However, the DOC treated Price's convictions as aggregated and, because Price had not exhausted the aggregated time, the DOC determined he was still serving time on

the rape charge. This determination made Price ineligible for conversion.

K.S.A. 21-4724 allows for limited retroactive application of the KSGA to individuals who committed crimes prior to July 1, 1993. Section (b)(2) of the statute provides in part as follows: "[O]ffenders on . . . conditional release . . . for crimes classified in subsection (b)(1) committed prior to July 1, 1993, who have such . . . conditional release . . . revoked shall have their sentences modified according to the provisions specified in the Kansas sentencing guidelines act." The offenses eligible for conversion are those "classified in a presumptive nonimprisonment grid block on either sentencing grid, in grid blocks 5-H, 5-I or 6-G of the non-drug grid or in grid blocks 3-H or 3-I of the drug grid." K.S.A. 21-4724(b)(1).

Retroactive application of the KSGA was summarized in *State v. Lunsford*, 257 Kan. 508, Syl. ¶ 3, 894 P.2d 200 (1995), as follows: "A prisoner's eligibility for retroactive sentence conversion based on the severity level of the crime is determined as of July 1, 1993, and if a prisoner is not eligible for sentence conversion on that date, subsequent events other than a reversal or new sentence imposed as a result of an appeal will not make the prisoner eligible for sentence conversion."

On July 1, 1993, rape was classified as a severity level 2 person felony and aggravated burglary was a severity level 5 person felony. K.S.A. 1993 Supp. 21-3502(c); K.S.A. 1993 Supp. 21-3716. Price asserts that he was on conditional release for his aggravated burglary conviction on July 1, 1993, and because aggravated burglary was a severity level 5 offense, he is eligible for conversion. Even though aggravated burglary was a severity level 5 offense, Price's criminal history score must be an H or I for him to be eligible for conversion of the aggravated burglary conviction. See K.S.A. 21-4724(b)(1).

An examination of the record from Price's underlying criminal case indicates that he was previously convicted of possession of stolen mail, forgery and uttering a U.S. Treasury check, and assault on a federal prison guard. The record does not contain certified journal entries for these convictions. Instead, the convictions were

merely alleged in a motion to impose the Habitual Criminal Act. Nevertheless, if this information is accurate, then Price's criminal history score would be higher than H, making him ineligible for conversion of his aggravated burglary sentence. However, it is unnecessary to remand the case for a determination of Price's criminal history score because even if Price's criminal history score is an H or I, he is ineligible for conversion.

Price contends that his first 20 years of imprisonment were for his rape conviction. To support this argument, Price cites the parole board's rationale for denying him conditional release. During the first 20 years of his sentence, the parole board denied Price conditional release based on the serious and violent nature of the crime. Price relies on this language as evidence the DOC considered him to be serving the sentence for rape during the first 20 years of his sentence. Thus, according to Price, he is eligible for conversion because he completed his rape sentence prior to July 1, 1993.

The State, on the other hand, suggests that because the DOC aggregated Price's consecutive sentences, both sentences are served simultaneously and, as a result, he was on conditional release for both the aggravated burglary and rape convictions on July 1, 1993. To support this argument, the State cites K.S.A. 21-4608(f)(3), which provides that "[w]hen indeterminate terms imposed on the same date are to be served consecutively, the minimum terms are added to arrive at an aggregate minimum to be served equal to the sum of all minimum terms and the maximum terms are added to arrive at an aggregate maximum equal to the sum of all maximum terms." The State further relies on K.A.R. 44-6-141(e), which states that "the maximum term of each active sentence . . . [is] added to each of the sentence begins date" to determine the maximum release date. The State asserts that because Price's maximum release date is January 27, 2013, he was serving his rape conviction on July 1, 1993 and, as a result, he is ineligible for conversion.

Both Price's and the State's arguments are flawed. The State's contention that the aggregation rules stated in K.S.A. 21-4608(f) are applicable in determining whether Price is eligible for conver-

sion is incorrect. *Blomeyer v. State*, 22 Kan. App. 2d 382, Syl. ¶ 3, 915 P.2d 790 (1996), however, held that "K.S.A. 21-4608(f) provides rules for determining the time to be served on multiple sentences, the sentence begin date, and parole eligibility and conditional release dates. There is no indication that the aggregation rules were intended to be applied to any other areas." Accordingly, although K.S.A. 21-4608(f) is used to determine the maximum release date, that date is not relevant in determining whether an inmate is eligible for conversion.

Moreover, the State's suggestion that Price is simultaneously serving his sentences for aggravated burglary and rape is erroneous. "Consecutive sentences may not be treated collectively as one for the aggregate term of all, and the identity of the punishment for each must be preserved." 24 C.J.S., Criminal Law § 1582. In other words, a consecutive sentence "is one which commences at the termination of another term of imprisonment to which [an] accused has been sentenced. A prisoner serving the first of several consecutive sentences is not serving the other sentences . . . the prisoner serves only one sentence at a time." 24 C.J.S., Criminal Law § 1582. See *State v. Bell*, 6 Kan. App. 2d 573, 574, 631 P.2d 254 (1981) (defining "consecutive sentences" as sentences "following in a train, succeeding one another in a regular order"). As a result, on July 1, 1993, Price was either on conditional release for aggravated burglary or for rape, but not for both offenses.

To determine which sentence Price served first, it is necessary to determine whether a statute specifies the order in which consecutive sentences are to be served. See 24 C.J.S., Criminal Law § 1588. At the time Price was sentenced, however, Kansas did not have a statute specifying the sequence of consecutive sentences. See generally K.S.A. 21-4720. When a statute does not provide for the order of sentences, then the order of the terms is that designated by the trial court, and if not specified, then the order is that in which the convictions were rendered. 24 C.J.S., Criminal Law § 1588.

Here, the trial court did not specify which sentence Price was to serve first. Accordingly, we look to the order in which the convictions were rendered. Count 1 charged Price with aggravated

burglary and count 2 charged rape. The jury first returned a guilty verdict on the aggravated burglary count and then on the charge of rape. Moreover, the journal entry first specified that Price was guilty of aggravated burglary and then stated that he was guilty of rape. Based on these facts, we determine that the conviction of aggravated burglary was the first conviction rendered in this case.

Because aggravated burglary was Price's first conviction, the first 20 years of his imprisonment were served for that offense. Accordingly, on July 1, 1993, Price had completed his sentence for aggravated burglary and was on conditional release for the rape. Because Price has served his sentence for aggravated burglary, that sentence cannot be converted. Moreover, his rape sentence is ineligible for conversion based on the severity level of that offense. As a result, even if Price's criminal history is an H or I, he is ineligible for conversion, and the trial court did not err in denying his motion for relief under K.S.A. 60-1507.

Affirmed.