(71 P.3d 1164)
No. 88,580

CLIFFORD D. PRICE, *Appellant*, v. CHARLES E. SIMMONS, *et al.*, *Appellees*.

—

Opinion filed November 27, 2002.

*Clifford D. Price*, appellant pro se.

*Jon D. Graves*, special assistant attorney general, of Kansas Department of Corrections, for the appellees.

Before KNUDSON, P.J., LEWIS, J., and BUCHELE, S.J.

BUCHELE, J.: Clifford D. Price, an inmate at the Hutchinson Correctional Facility, claims the Kansas Department of Corrections (DOC) miscalculated his maximum release date and appeals the district court's dismissal of his K.S.A. 2001 Supp. 60-1501 petition.

In 1973, Price was convicted of aggravated burglary and rape in Sedgwick County. *State v. Price*, 215 Kan. 718, 529 P.2d 85 (1974). The district court sentenced him to 5 to 20 years on each conviction, to be served consecutively. With jail time credit, the court calculated Price's begin sentence date as January 27, 1973.

Aggregating Price's consecutive sentences, the Sentence Computation Unit of the DOC determined his minimum term was 10 years, ending on January 27, 1983, and his maximum term was 40 years, ending on January 27, 2013. Applying 20 years' good-time credit, the DOC fixed January 27, 1993, as Price's conditional release date. The DOC placed Price on conditional release as scheduled.

On August 24, 1994, the district court returned Price to prison for violation of his conditional release. While on conditional release, Price accumulated 25 delinquent days, from July 7, 1994, to August 2, 1994. The DOC added these 25 days to Price's maximum release date.

Price moved for conversion of his indeterminate sentence under the retroactive provision of the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 *et seq.* The Sedgwick County District Court dismissed his K.S.A. 60-1507 motion, and Price appealed to this court.

In *Price v. State*, 28 Kan. App. 2d 854, 858, 21 P.3d 1021, *rev. denied* 271 Kan. 1037 (2001), this court held that for the purpose of sentence conversion, the aggregation rules of K.S.A. 21-4608(f) were inapplicable.

" 'K.S.A. 21-4608(f) provides rules for determining the time to be served on multiple sentences, the sentence begin date, and parole eligibility and conditional release dates. There is no indication that the aggregation rules were intended to be applied to any other areas.' [Citation omitted.] *Accordingly, although K.S.A. 21-4608(f) is used to determine the maximum release date,* that date is not relevant in determining whether an inmate is eligible for conversion.

"Moreover, the State's suggestion that Price is simultaneously serving his sentences for aggravated burglary and rape is erroneous. 'Consecutive sentences may not be treated collectively as one for the aggregate term of all, and the identity of the punishment for each must be preserved.' 24 C.J.S., Criminal Law § 1582. In other words, a consecutive sentence 'is one which commences at the termination of another term of imprisonment to which [an] accused has been sentenced. A prisoner serving the first of several consecutive sentences is not serving the other sentences . . . the prisoner serves only one sentence at a time.' 24 C.J.S., Criminal Law § 1582. See *State v. Bell*, 6 Kan. App. 2d 573, 574, 631 P.2d 254 (1981) (defining 'consecutive sentences' as sentences 'following in a train, succeeding one another in a regular order'). As a result, on July 1, 1993, Price was either on conditional release for aggravated burglary or for rape, but not for both offenses." (Emphasis added.)

The *Price* court went on to determine that for the purpose of sentence conversion, Price had served his aggravated burglary sentence first. 28 Kan. App. 2d at 859. Following the analysis in *Blomeyer v. State*, 22 Kan. App. 2d 382, 915 P.2d 790, *rev. denied* 260 Kan. 991 (1996), the court determined that on January 27, 1993, Price had completed his term of imprisonment for aggravated burglary and began serving his sentence for rape. Based on statutory guidelines, he was ineligible for sentence conversion due to the severity level of the conviction for which he was then serving. 28 Kan. App. 2d at 859.

Using selected terms taken from the text of this court's past decision, Price filed his current habeas corpus petition, claiming the DOC had miscalculated the maximum discharge date. The district court dismissed his petition without a hearing, holding that Price had completed his sentence for aggravated burglary and was currently serving his 5- to 20-year term for rape. Price timely appeals this decision.

Price claims that because "consecutive sentences may not be treated collectively as one for the aggregate term of all, and the identity of the punishment for each must be preserved," by treating each conviction separately, he reached the conditional release date on his aggravated burglary conviction on January 27, 1983, and began serving his second sentence at that time. On January 27, 1993, he reached the conditional release date on his sentence for rape and concurrently completed his sentence for aggravated burglary. Therefore, when he returned to prison in 1994, he had less than 10 years remaining to serve on his rape conviction.

This statutory interpretation claim is a question of law, and our standard of review is unlimited. See *Blomeyer*, 22 Kan. App. 2d at 384.

K.S.A. 21-4608(f)(3) clearly expresses our legislature's intended method of calculating the time to be served on multiple consecutive sentences:

"(f) The provisions of this subsection relating to parole eligibility shall be applicable to persons convicted of crimes committed prior to January 1, 1979, but shall be applicable to persons convicted of crimes committed on or after that date only to the extent that the terms of this subsection are not in conflict with the

provisions of K.S.A. 22-3717 and amendments thereto. In calculating the time to be served on concurrent and consecutive sentences, the following rules shall apply:

. . . .

(3) When *indeterminate terms imposed on the same date are to be served consecutively,* the minimum terms are added to arrive at an aggregate minimum to be served equal to the sum of all minimum terms and the *maximum terms are added to arrive at an aggregate maximum equal to the sum of all maximum terms."* (Emphasis added.)

The DOC correctly computed Price's initial maximum discharge date in strict accord with K.S.A. 21-4608(f)(3) by adding two 20-year terms to his sentence begin date.

The DOC also correctly added 25 days to his maximum discharge date for the delinquent days lost while he was on conditional release, as required by K.S.A. 75-5217. Price did not argue that the DOC was incorrect in adding the 25 days in "abscond" status to his maximum release date, and we deem that issue abandoned. When a point is incidentally raised but not argued, it is deemed abandoned. *Campbell v. City of Leavenworth,* 28 Kan. App. 2d 120, 126, 13 P.3d 917 (2000), *rev. denied* 270 Kan. 897 (2001).

We find the district court correctly dismissed Price's petition and the DOC correctly calculated his maximum discharge date. We do not agree with the district court's conclusion that the aggravated burglary sentence has been satisfied. For the purpose of establishing Price's maximum discharge date, his two convictions remain aggregated.

A judgment may be affirmed if it was right for any reason. *Johnson v. Board of Pratt County Comm'rs,* 21 Kan. App. 2d 76, 92, 897 P.2d 169, *aff'd in part and rev'd in part* 259 Kan. 305, 913 P.2d 119 (1995).

The district court's dismissal of the K.S.A. 2001 Supp. 60-1501 petition is affirmed for reasons other than stated by the district court.

Affirmed.