**F I L E D**

**PUBLISH**

**December 27, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONALD E. RANDALL, also known
as Ronald E. Randell,

Defendant-Appellant.

No. 05-3423

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 05-CR-20061-JWL)**

---

Submitted on the briefs:

Eric F. Melgren, United States Attorney, David C. Smith, Assistant United States
Attorney, Kansas City, Kansas, for Plaintiff-Appellee.

Kari S. Schmidt, Conlee Schmidt & Emerson, LLP, Wichita, Kansas, for
Defendant-Appellant.

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

## I. Introduction

Ronald Randall pleaded guilty to bank robbery. Applying the United States Sentencing Guidelines ("USSG"), the Presentence Investigation Report ("PSR") recommended a total offense level of twenty-one and a criminal history category of IV. The calculation of Randall's criminal history category was based on prior auto theft and aggravated robbery convictions for which he had been incarcerated approximately twenty-six years. Randall argued no points should have been assessed for the theft sentence because he had not served any portion of this sentence during the last fifteen years. *See* USSG § 4A1.2(e). The district court, however, concluded the theft sentence should be counted and sentenced Randall to fifty-seven months' imprisonment, the low end of the applicable Guideline range. Randall appeals this sentence, arguing the district court erred in including the theft sentence in its calculation of Randall's criminal history category. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and **affirms** Randall's sentence.

## II. Background

Randall was indicted on one count of bank robbery, in violation of 18 U.S.C. § 2113(a). He pleaded guilty to the charge without a plea agreement, and a PSR was prepared. The PSR concluded Randall's criminal history category was IV, based on a total of nine criminal history points. In making this determination, the PSR relied in part on two prior convictions, a 1978 conviction for aggravated robbery and a 1979 conviction for auto theft. USSG § 4A1.1(a). Randall received a sentence of ten years to life for the aggravated robbery and a sentence of three to ten years for the auto theft. The Kansas Department of Corrections ("KDOC") aggregated the sentences into a single sentence of thirteen years to life, for which Randall was first eligible for parole in 1984. Randall was released on parole in 2004. The PSR calculated a total offense level of twenty-one which, when coupled with the criminal history category of IV, resulted in a Sentencing Guideline range of fifty-seven to seventy-one months.

Randall objected to the criminal history recommendation contained in the PSR and filed a sentencing memorandum in support of his objection. He argued the auto theft conviction should not have been considered in the calculation because neither the conviction nor any portion of the imprisonment on that conviction occurred during the fifteen years preceding the instant offense. In support of his argument, he asserted that because he was eligible for parole in 1984 on the aggregate sentence, there is no evidence to indicate he was held

-3-

beyond this time for his auto theft conviction. Because this date was more than fifteen years before his commission of the instant offense, he argued the theft sentence should not have been included in the criminal history calculation. Essentially, he contended the only reason he was incarcerated beyond May 6, 1990, the date fifteen years prior to the commission of the current offense, was the life maximum on the aggravated robbery conviction. Thus, Randall argued he should have received only six criminal history points, resulting in a criminal history category of III and a Guideline range of forty-six to fifty-seven months.

The district court rejected Randall's objections and adopted the sentencing calculations set forth in the PSR. The court then sentenced Randall to fifty-seven months' imprisonment, a sentence at the bottom of the Guideline range.

## III. Analysis

On appeal, Randall raises the same arguments he presented to the district court. He further argues the Guideline at issue in this case is ambiguous as applied to aggregated indeterminate sentences, such as the one in this case, and therefore the rule of lenity requires the Guideline to be interpreted in his favor. "When reviewing a district court's application of the Sentencing Guidelines, we review legal questions *de novo* and we review any factual findings for clear error." *United States v. Martinez*, 418 F.3d 1130, 1133 (10th Cir. 2005) (quotation omitted).

Pursuant to USSG § 4A1.1(a), the district court must add three criminal history points for each prior sentence of imprisonment exceeding one year and one month. This provision, however, is subject to a staleness provision. *See* USSG § 4A1.2(e). Under § 4A1.2(e), the calculation of a defendant's criminal history category includes only those sentences of imprisonment exceeding one year and one month that were "imposed within fifteen years of the defendant's commencement of the instant offense" or "that resulted in the defendant being incarcerated during any part of such period." USSG § 4A1.2(e)(1), (3). In this case, Randall committed the instant offense on May 6, 2005. Thus, the theft sentence was properly counted toward Randall's criminal history points only if he served any part of that sentence after May 6, 1990. This court agrees with the district court that the theft sentence satisfies this requirement.

Because Randall was convicted and sentenced under Kansas law, Kansas law determines how his sentences were served. Under Kansas law, when multiple sentences are aggregated into a single sentence, they are aggregated only for the limited purposes of determining the total time to be served, the date the sentence begins, and parole eligibility and conditional release dates. *Anderson v. Bruce*, 50 P.3d 1, 8 (Kan. 2002); *Price v. State*, 21 P.3d 1021, 1024 (Kan. Ct. App. 2001). For all other purposes, the sentences retain their individual identity. *Price*, 21 P.3d at 1024. Thus, when a consecutive sentence is imposed, the second sentence begins only upon the termination of the prior term of imprisonment. *Id.* A

prisoner who receives multiple consecutive sentences does not serve all sentences simultaneously, but serves only one sentence at a time. *Id.* Further, where no statute specifies the order in which consecutive sentences are to be served, as here, "the order of the terms is that designated by the trial court, and if not specified, then the order is that in which the convictions were rendered." *Id.* at 1025.

Here, Randall was convicted of aggravated robbery on May 1, 1979, and then convicted of theft in a different case on June 4, 1979. The state court first sentenced Randall to ten years to life on the aggravated robbery conviction. It then sentenced Randall for the theft conviction and ordered the theft sentence to run consecutively to the first sentence. Under Kansas law, this required the theft sentence to immediately follow the aggravated robbery sentence already imposed. In other words, the sentence for theft could begin only after Randall had completed his sentence for aggravated robbery, which is also consistent with the chronology of the offenses. Because the theft sentence came last, Randall must have been serving this sentence on the last day of his incarceration, which was November 30, 2004, less than six months before the commission of the instant offense.

Randall's argument suggests he completed his sentence for theft at the time of his first eligibility for parole in 1984, more than fifteen years prior to his commission of the instant crime. He argues he remained in prison after this date

solely on the more severe sentence for aggravated robbery. This formulation of his sentences, however, is directly contrary to Kansas's treatment of consecutive sentences. As noted above, because the conviction for aggravated robbery came first, the sentence for aggravated robbery must precede the sentence for theft. The theft sentence could not have been completed first, twenty years prior to Randall's release from prison, as he contends on appeal. Therefore, Randall was serving his theft sentence until immediately before his release.[1]

This court rejects Randall's argument that the rule of lenity should apply to exclude his theft sentence from his criminal history calculation. Where a Sentencing Guideline is ambiguous, the rule of lenity requires the court to interpret it in favor of criminal defendants. *United States v. Gay*, 240 F.3d 1222, 1232 (10th Cir. 2001). Nevertheless, this rule applies only "where there is a grievous ambiguity or uncertainty in the language and structure of a provision." *Id.*; *see also Muscarello v. United States*, 524 U.S. 125, 138 (1998) ("The rule of lenity applies only if, after seizing everything from which aid can be derived, . . .

---

[1] In his brief, Randall argues the government failed to carry its burden of proof as to the addition of the criminal history points. This court recognizes the government generally has the burden of showing facts necessary to justify the addition of criminal history points. *United States v. Torres*, 182 F.3d 1156, 1162 (10th Cir. 1999). There is no indication, however, the district court misapplied this burden of proof. Contrary to Randall's assertions, the combination of facts in evidence, including the entry of judgment ordering the sentences to run consecutively and the date of parole, were sufficient to support a conclusion that the government carried its burden.

we can make no more than a guess as to what Congress intended." (quotation omitted)).  Here, the court perceives no such ambiguity.  The Guideline provision clearly provides for an addition of criminal history points for any sentence served in part during the fifteen years prior to the commission of the current offense. *See* USSG §§ 4A1.1(a), 4A1.2(e).  While it does not specifically address indeterminate sentences, its application to "any sentence" establishes it applies, whether the sentence involved was imposed under a determinate or indeterminate sentencing scheme.  As discussed above, Kansas law makes clear that Randall's incarceration during the fifteen-year period was in part attributable to the theft sentence.  Thus, the Guideline unambiguously includes this theft conviction for purposes of calculating his criminal history category.[2]

## IV.  Conclusion

For the foregoing reasons, this court **affirms** the sentence imposed by the district court.

---

[2] Because this court holds the district court committed no error, it need not address whether the district court would have imposed the same sentence if it had not counted the theft sentence in calculating Randall's criminal history.