**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 08-4038 |
| v. | (D. Utah) |
| THOMAS VAUGHN BARLOW, | D.C. No. 2:07-CR-00504-TS-1 |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **McWILLIAMS** and **GORSUCH**, Circuit Judges.

---

Mr. Barlow was convicted of one count of mailing a threatening communication to the Internal Revenue Service, in violation of 18 U.S.C. § 876(c), and one count of interfering with the administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a). At trial, the district court refused to submit Mr. Barlow's proposed jury instruction defining a "true threat" to the jury. At sentencing, the district court increased Mr. Barlow's criminal history category from a category I to a category II, based upon a prior conviction for which he had

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

received a suspended sentence. The district judge sentenced Mr. Barlow to twenty-one months' imprisonment.

Mr. Barlow now appeals on two primary issues. First, Mr. Barlow contends that the district court erred by refusing to issue his proposed jury instruction regarding the definition of a "true threat," instead relying on the pattern instruction published by the Tenth Circuit. Second, Mr. Barlow argues that the district court committed error by placing the burden of proof as to sentencing enhancements upon him.

We affirm the district court's refusal to submit Mr. Barlow's proposed instruction, concluding that the use of our pattern jury instruction does not constitute an abuse of discretion. We conclude, however, that the district court erred by assigning the burden of proving the disputed sentencing enhancement to Mr. Barlow. Accordingly, we reverse and remand for resentencing.

I.      **The district court did not abuse its discretion by refusing to issue Mr. Barlow's proposed jury instruction defining a "true threat."**

When the Fundamentalist Church of Latter Day Saints (FLDS) community in Colorado City, Arizona, expelled Mr. Barlow, he began writing letters to various government officials seeking the recovery of his family and property. Mr. Barlow's letters became increasingly violent, culminating with a July 8, 2007 certified letter to the Internal Revenue Service, stating:

> This means that if you do not answer me lawfully and take my money or property or in any way continue to harass me or fail to assure me of

2

> my being secure in my persons, houses, papers and effects, that I'm justified in acts of war to balance your terrorism. Do you get it? I will kill any of your agents I can find. I will blow up your buildings. This is war.

Rec. vol. III, at 32. Mr. Barlow also sent copies of the letter to the Utah Governor, the Attorney General, and the President of the United States. Following a federal investigation, Mr. Barlow was charged in a two-count indictment with one count of mailing a threatening communication to the IRS (Count I) and one count of interfering with the administration of internal revenue laws (Count II).

> Section 876(c) of Title 18 states:
>
> Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both.

At trial, the district court rejected Mr. Barlow's proposed jury instruction characterizing a "true threat," issuing instead the government's proposed instruction, which defined a true threat as a "serious statement expressing an intention to injure any person, which under the circumstances would cause apprehension in a reasonable person, as distinguished from political argument, idle, or careless talk, exaggeration, or something said in a joking matter." Rec. vol. I, doc. 41, Instr. 19 (quoting Tenth Circuit Criminal Pattern Jury Instructions, Instr. 2.38) (Thomson West 2005) (brackets

3

removed).

On appeal, Mr. Barlow argues that the district court's jury instruction defining a "true threat" was error, because it did not require the jury to make a specific finding that the threat alleged would evoke in a reasonable recipient the fear that the maker of the threat would carry it out. Mr. Barlow asserts that the district court should have instead submitted his proposed instruction, which read:

> The government must prove that the defendant made a "true threat." A true threat is a serious statement expressing an intention to inflict injury at once or in the future, as distinguished from mere political argument, idle or careless talk, exaggeration, or something said in a joking manner. *A statement is a threat if it was made under such circumstances that a reasonable person hearing or reading the statement would understand it as a serious expression of intent to inflict injury.*

Vol. I, doc. 31, at 3 (emphasis in original). Mr. Barlow's proposed jury instruction, he observes, is "the one adopted by the most recent edition of Modern Federal Jury Instructions," Aplt's Br. at 16, and "has been accepted as a correct statement of the law in a number of contexts." *Id*. (citing cases from six different circuits).

"We review the district court's decision to give a particular jury instruction for abuse of discretion and consider the instructions as a whole de novo to determine whether they accurately informed the jury of the governing law." *United States v. Fria Vazquez del Mercado*, 223 F.3d 1213, 1216 (10th Cir. 2000) (quotation omitted).

4

Mr. Barlow asserts that the government's proposed jury instruction defining a true threat, which was adopted by the district court, "defined too generally the apprehension a communication must arouse in its addressee to qualify as a threat." Aplt's Br. at 11. Mr. Barlow's proposed jury instruction, he contends, is "superior" because it clarifies the "particular type of apprehension a true threat elicits in its recipient." *Id.* at 12-13.

We discern no abuse of discretion in the district court's refusal to give Mr. Barlow's proposed instruction defining a "true threat." Although we have cited alternative jury instructions identifying a "true threat" with approval, that does not render the district court's use of our pattern instruction "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Nalder v. W. Park Hosp.*, 254 F.3d 1168, 1174 (10th Cir. 2001) (quotation omitted). Moreover, examining de novo the instructions as a whole, we conclude that they "accurately informed the jury of the governing law." *Fria Vazquez de Mercado*, 223 F.3d at 1216 (quotation omitted).

## II. The district court erred in placing the burden of proof as to the sentence enhancement upon Mr. Barlow.

On appeal, Mr. Barlow asserts–*inter alia*–that the district court erred by placing upon him the burden of proof as to his sentencing enhancement. "The allocation of burden of proof is a legal issue subject to de novo review." *United States v. Smith*, 133 F.3d 737, 746 (10th Cir. 1997) (citation omitted).

5

Under the Guidelines, a "totally suspended" sentence warrants a one-point addition to the defendant's criminal history, while a "partially suspended" sentence warrants a two-point addition. *See* U.S.S.G. § 4A1.1 (instructing sentencing courts to "(a)[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month[;] (b) [a]dd 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)[;] (c) [a]dd 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item"). As is well-established in this court, "the government generally has the burden of showing facts necessary to justify the addition of criminal history points." *United States v. Randall*, 472 F.3d 763, 766 n.1 (10th Cir. 2006); *see also United States v. Torres*, 182 F.3d 1156, 1162 (10th Cir. 1999) (stating that the government has the "burden of showing whatever facts are needed to justify adding additional criminal history points") (quotations omitted). Yet, in addressing the prior state court sentence, the district court stated:

> Court: That is the problem, Ms. Koch, is we don't have anything other than a docket entry, which is very brief. So, you know, **you are carrying the burden here**. Other than your representations to the Court, what am I supposed to rely on in making that determination?

> Ms. Koch: Well, I would just ask Your Honor to look at the guideline.

Rec. vol. V, at 10 (emphasis added). Our review of the record favors Mr. Barlow.

The Government appears to agree that the district court placed the burden of proof as to the sentencing enhancement upon Mr. Barlow. Although it

6

acknowledges that "the burden of proving relevant conduct for criminal history purposes is, at least initially, on the government[,] it maintains that once sufficient evidence of a prior conviction is before the district court, [t]he defendant then has the burden of proving . . . that the prior conviction should not be used to calculate criminal history if it was constitutionally infirm." *Torres*, 182 F.3d at 1163 (internal quotations omitted).

Here, the constitutionality of Mr. Barlow's prior state court sentence is not at issue. Rather the question presented is who carries the burden of proving, by a preponderance of the evidence, that Mr. Barlow received a partially suspended sentence for purposes of § 4A1.2. On that question our precedent is clear, and the district court erred when it placed burden of proof upon Mr. Barlow.

We note that Mr. Barlow's sentence of twenty-one months would be a permissible Guidelines sentence regardless of which criminal history category is used: It would be in the mid-range for criminal history category I offenders (18-24 months), and it is at the low-end for criminal history category II offenders (21-27 months). Nonetheless, as we stated in *United States v. Martinez-Jimenez*, "[u]nless the district court makes it clear during the sentencing proceeding that the sentence would be the same under either of the applicable Guideline ranges, we are compelled to remand for resentencing when . . . an improper Guidelines calculation was applied." 464 F.3d 1205, 1209 (10th Cir. 2006) (brackets removed) (quotation omitted) (alternation in original); *see also* 18 U.S.C. § 3742.

7

Here, the district court "did not indicate that it would have imposed an identical sentence if [Mr Barlow's] criminal history category was [I] instead of [II]." *Martinez-Jimenez*, 464 F.3d at 1209. On the contrary, Mr. Barlow's sentence – at the low end of the available range – suggests the opposite. Accordingly, we must remand the case for re-sentencing pursuant to the proper Guidelines range. *Gall v. United States*, 552 U.S. 38 (2007); *United States v. Huskey*, 137 F.3d 283, 290 (10th Cir. 1998).

**\*\*\***

The district court did not abuse its discretion by issuing our Circuit's pattern jury instruction as to the definition of a "true threat," however, the district erred when it assigned to Mr. Barlow the burden of proof as to the sentencing enhancement. Thus, we VACATE Mr. Barlow's sentence and REMAND for re-resentencing consistent with this opinion.

Entered for the Court,


Robert H. Henry
Chief Judge

8