NOT DESIGNATED FOR PUBLICATION

No. 118,700

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LEE MITCHELL-PENNINGTON,
*Appellant*,

v.

SAM CLINE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed July 20, 2018. Affirmed.

*Matthew L. Tillma*, of Law Office of Gregory C. Robinson, of Lansing, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, Lansing Correctional Facility, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and MALONE, JJ.

PER CURIAM: Lee A. Mitchell-Pennington appeals the district court's denial of his petition for a writ of habeas corpus.

A jury convicted Mitchell-Pennington of three counts of aggravated robbery, severity level three, and one count of aggravated burglary, severity level five. The district court sentenced him to 102 months of incarceration with the Kansas Department of Corrections (KDOC) for the first count of aggravated robbery. For the remaining aggravated robbery charges, the court sentenced him to 59 months of incarceration each,

1

running the sentences concurrently. The court then sentenced Mitchell-Pennington to 32 months of incarceration for the aggravated burglary charge, running this sentence consecutive to the aggravated robbery sentences.

After serving the aggravated robbery portion of the sentence, Mitchell-Pennington requested eligibility for program credit. KDOC denied his request and cited Internal Management Policy and Procedure (IMPP) 11-123A:

> "I. Eligibility Criteria
>> "A. An offender may be eligible for Program Credit if the following criteria are met:
>>> 1. The offender is incarcerated only for crimes committed on or after January 1, 2008 and before July 1, 2012, that include only Non-drug Grid level 4 through 10 offenses and Drug Grid level 3 and 4 offenses.
>>> . . . .
>> "B. Except as provided in Section I.B.1. below, if any portion of the offender's composite sentence does not qualify for application of program credits; the offender's entire sentence shall be ineligible for such credits."

Under IMPP 11-123A, a composite sentence is "[a]ny sentence formed by the combination of two (2) or more sentences." Mitchell-Pennington filed a grievence concerning the denial and Cline responded by affirming the KDOC determination. Mitchell-Pennington appealed the denial of his grievance. The secretary of corrections affirmed the KDOC findings.

Mitchell-Pennington filed a petition for writ of habeas corpus alleging Sam Cline, Warden of Lansing Correctional Facility, had unlawfully deprived him of his liberty rights. He claimed that by denying him program credit, Cline was holding him responsible for the aggravated robberies twice. He alleged this violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. He asserted that under *Price v. State*, 28 Kan. App. 2d 854, 858, 21 P.3d 1021 (2001), consecutive

2

sentences may not be treated collectively and KDOC must treat his consecutive sentences as two separate sentences. Cline moved to dismiss, claiming Mitchell-Pennington had failed to state a claim upon which relief can be granted. Cline contended that under K.A.R. 44-6-127(b)(1), which renders an inmate ineligible for program credits if any portion of his composite sentence does not qualify, Mitchell-Pennington was not eligible for program credit.

The district court heard the motion to dismiss and found *Price* did not apply as it applied specifically to retroactive conversion of an indeterminate sentence. Instead, K.A.R. 44-6-127 controlled eligibility for program credits for an inmate serving consecutive sentences. Thus, Mitchell-Pennington was ineligible for program credits throughout the composite sentence because the sentence for aggravated robbery was ineligible. The court granted the motion to dismiss. Mitchell-Pennington appeals.

To state a claim for relief under K.S.A. 2017 Supp. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2017 Supp. 60-1503(a). An appellate court exercises unlimited review of a summary dismissal. 289 Kan. at 649.

When a prisoner challenges a prison regulation's impingement upon his constitutional rights, we analyze the validity of the regulation under the rational basis test to determine if it is "'reasonably related to legitimate penological interests.'" *Pool v. McKune*, 267 Kan. 797, 804, 987 P.2d 1073 (1999) (quoting *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 [1987]). Four factors have been recognized as relevant in evaluating a regulation's reasonableness: "(1) whether a valid and rational

3

connection exists between the regulation and a legitimate governmental interest, (2) whether an alternative means of exercising the constitutional right at issue remains available to inmates, (3) the impact of accommodation to the asserted right upon guards, other inmates, and the allocation of prison resources, and (4) the absence of ready alternatives to the course of action taken in the regulation." *Washington v. Werholtz*, 40 Kan. App. 2d 860, 863, 197 P.3d 843 (2008), *rev. denied* 289 Kan. 1286 (2009).

Mitchell-Pennington alleges that KDOC's regulation permitting it to view consecutive sentences collectively is a continuing mistreatment of a constitutional stature. Essentially, by denying him program credits based on the composite sentence, KDOC is punishing him twice for his robbery convictions. He asserts that the Fifth Amendment to the United States Constitution and Section 10 of the Kansas Constitution Bill of Rights protect offenders from multiple punishments for the same act.

In *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977), the Supreme Court provided the rationale behind the Double Jeopardy Clause:

> "Because it was designed originally to embody the protection of the common-law pleas of former jeopardy, the Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial.
>
> "The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' When consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense. [Citations omitted.]"

4

Both the United States and Kansas Constitutions prohibit a defendant from being "twice put in jeopardy." According to Black's Law Dictionary 963 (10th ed. 2014), "jeopardy" is "[t]he risk of conviction and punishment that a criminal defendant faces at trial." In a jury trial, jeopardy attaches with the empaneling of the jury. In a bench trial, jeopardy attaches upon swearing in the first witness. Black's Law Dictionary 963 (10th ed. 2014). The Double Jeopardy Clause prohibits courts from imposing multiple punishments under different statutes for the same conduct in the same proceeding contrary to the legislative intent. *State v. Hensley*, 298 Kan. 422, 435, 313 P.3d 814 (2013). Here, the district court did not impose the multiple punishments complained of nor were they the result of a prosecutor seeking punishment on multiplicitous charges. No jeopardy has attached with the denial of program credit and the denial is not another punishment. The district court has not subjected Mitchell-Pennington to double jeopardy.

Because the allegation in the petition is not of a constitutional stature, Mitchell-Pennington is not entitled to relief. Analysis of the reasonableness of the regulation is not warranted because no constitutional right has been impinged upon. No cause for granting a writ exists.

Affirmed.