NOT DESIGNATED FOR PUBLICATION

No. 121,146

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRETT DAMION WHEELER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; MICHAEL D. GIBBENS, judge. Opinion filed October 4, 2019. Reversed and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Sherri Price*, special assistant attorney general and legal counsel, Lansing Correctional Facility, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE, J., and DANIEL D. CREITZ, District Judge, assigned.

PER CURIAM: Inmate Brett Damion Wheeler filed a habeas corpus petition in Leavenworth County District Court. The district court construed the petition as seeking relief under K.S.A. 60-1507 and dismissed it for lack of jurisdiction because Wheeler filed it in the county of his imprisonment, but K.S.A. 60-1507 motions must be filed in the county of the district court that imposed the sentence. Wheeler appeals, arguing that his petition sought relief under K.S.A. 60-1501, so it was properly filed in his county of imprisonment. Wheeler also asks this court to address the merits of his petition and issue a writ of habeas corpus ordering his discharge from further imprisonment or parole. We

1

agree with Wheeler that the district court improperly dismissed his petition for lack of jurisdiction and we reverse and remand for further proceedings. We decline to address the merits of Wheeler's petition for the first time on appeal.

FACTS

In June 1987, a Shawnee County jury convicted Wheeler of two counts of rape and two counts of aggravated sodomy. In July 1987, the Shawnee County District Court sentenced him to concurrent terms of 10 years to life on each count. Wheeler was first released on parole in February 2000 and was later returned to prison for violating the conditions of his parole. He again was released on parole in April 2002.

In May 2005, Wheeler pled no contest in Wyandotte County to attempted abuse of a child. The district court sentenced Wheeler to 24 months' imprisonment and 12 months' postrelease supervision. The journal entry of judgment ordered the sentence to run "[c]onsecutive to 86CR2627 from Shawnee County; however, it is the court's intention to give the defendant credit for time spent incarcerated from October 11, 2002, to May 2, 2005, as time served on this case."

By August 2005, Wheeler had been paroled again. He absconded in November 2007 and was reincarcerated later that month. Thereafter, Wheeler was paroled at least three times and each time he violated his parole and returned to prison. He was paroled again in March 2017 and absconded in February 2018. A Kansas Department of Corrections (KDOC) warrant issued in March 2018, and Wheeler was found to have violated his parole, so he was reincarcerated in April 2018.

On December 13, 2018, Wheeler filed a pro se "Petitioners [*sic*] Habeas Corpus" in Leavenworth County District Court. The petition did not specify whether Wheeler sought relief under K.S.A. 60-1501 or K.S.A. 60-1507, but it asserted that he was being

wrongfully imprisoned at Lansing Correctional Facility in Leavenworth County. Wheeler argued that K.S.A. 21-4608(e)(2) mandated that the period of postrelease supervision ordered in the Wyandotte County case controlled, rather than the indeterminate life sentence in the Shawnee County case, because the starting date of his sentence in the Wyandotte County case was before he was paroled in the Shawnee County case. Wheeler also noted that the Wyandotte County sentence was ordered to run consecutive to the Shawnee County sentence. He argued that under *Price v. Simmons*, 31 Kan. App. 2d 631, 632, 71 P.3d 1164 (2002), his indeterminate life sentence imposed in the Shawnee County case necessarily "had to be terminated first before [he] could serve" his sentence for the Wyandotte County case.

The State did not respond to Wheeler's petition. On February 25, 2019, the district court issued a form order saying that it had "examined the plaintiff's petition and it plainly appears from the face of the petition and any exhibits attached that the petition should be dismissed." The check-the-box order contained a list of reasons for dismissal, and the district court selected "improper venue, K.S.A. 60-1507(a)" and "Other." Next to "Other," the court wrote: "DISMISSED DUE TO LACK OF JURISDICTION." Wheeler timely appealed and the district court appointed counsel to represent him on appeal.

ANALYSIS

In his first issue, Wheeler contends that his petition sought relief under K.S.A. 60-1501, so the district court erred in construing his petition as asserting a claim under K.S.A. 60-1507. The State does not respond to this argument. Instead, the State addresses the merits of Wheeler's claim for release from imprisonment and argues that the district court was right for the wrong reason in dismissing the petition.

Although K.S.A. 60-1501 petitions and K.S.A. 60-1507 motions both start civil habeas corpus proceedings, they serve different purposes. A prisoner seeking to

collaterally attack his or her sentence must file a motion under K.S.A. 60-1507, while a K.S.A. 60-1501 petition is for challenging the conditions of confinement. *White v. Shipman*, 54 Kan. App. 2d 84, 91, 396 P.3d 1250 (2017). A person must file a K.S.A. 60-1507 motion in the county of the court that sentenced the person, while a person must file a K.S.A. 60-1501 petition in the county in which the person is confined. See K.S.A. 2018 Supp. 60-1501(a); K.S.A. 2018 Supp. 60-1507(a).

When Wheeler filed his habeas corpus petition in Leavenworth County, he was an inmate at Lansing Correctional Facility in Leavenworth County. But the courts that imposed the sentences germane to his current claims were in Shawnee County and Wyandotte County. The district court construed Wheeler's petition as a motion arising under K.S.A. 60-1507 and dismissed it for lack of jurisdiction, finding that Wheeler filed the proceeding in an improper venue.

"Courts are to interpret pro se pleadings based upon their contents and not solely on their title or labels. In construing pro se postconviction motions a court should consider the relief requested, rather than a formulaic adherence to pleading requirements." *State v. Redding*, 310 Kan. 15, 444 P.3d 989, 993 (2019). This court exercises unlimited review over whether a district court properly construed a pro se pleading. 444 P.3d at 993. Likewise, whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

"In a K.S.A. 60-1507 proceeding, an inmate is challenging the criminal proceedings which resulted in his or her confinement. . . . In the case of a K.S.A. 60-1501 petition, however, an inmate is challenging the conditions of his or her current confinement." *White*, 54 Kan. App. 2d at 91; see also *Beard v. Maynard*, 223 Kan. 631, 634, 576 P.2d 611 (1978) (holding K.S.A. 60-1507 "has no application" where "the petitioner is not attacking the validity of a sentence").

4

Wheeler's habeas corpus petition did not allege that the district courts illegally imposed the sentences or that there was some defect in the proceedings that led to the imposition of his sentences. Rather, he claimed that he is being illegally confined despite having completed his sentences of imprisonment. This court has recognized that "[c]hallenges to the mode or condition of confinement, including administrative actions of the correctional institution—like calculating the end date for indeterminate sentences that are aggregated—should be brought under K.S.A. 60-1501." *Holloway v. State*, No. 100,907, 2009 WL 2436689, at *2 (Kan. App. 2009) (unpublished opinion). See also *Safarik v. Bruce*, 20 Kan. App. 2d 61, 67, 883 P.2d 1211 (1994) ("[A] 1501 petition is a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution.").

Wheeler's petition raises an issue properly brought under K.S.A. 60-1501, not K.S.A. 60-1507. See *Davis v. Simmons*, 31 Kan. App. 2d 556, 558-59, 68 P.3d 160 (2003) (addressing merits of K.S.A. 60-1501 petition that argued the KDOC had impermissibly extended incarceration); *Muir v. Bruce*, 28 Kan. App. 2d 482, 483-87, 18 P.3d 247 (2001) (same). We find the district court erred as a matter of law by construing Wheeler's petition as seeking relief under K.S.A. 60-1507. Wheeler properly filed his habeas corpus petition in the county of his imprisonment, and the district court erred by dismissing it for lack of jurisdiction.

*Should we address the merits of Wheeler's claim?*

Wheeler next asks this court to resolve the substantive issue he raised in his habeas corpus petition: whether he has completed his sentences and "is entitled to discharge from KDOC custody." He acknowledges that the district court did not reach the merits of his argument, but he asserts that this is a pure question of law based on undisputed material facts, so this court can address the merits for the first time on appeal. Likewise, the State's brief addresses the merits of Wheeler's substantive claim.

At least three panels of this court have declined to address the merits of a K.S.A. 60-1501 petition when the district court erroneously dismissed the petition on procedural grounds. See *Macomber v. Kansas Dept. of Corrections*, No. 109,001, 2013 WL 3970209, at *2-3 (Kan. App. 2013) (unpublished opinion); *Bloom v. Cline*, No. 107,718, 2012 WL 5974031, at *2 (Kan. App. 2012) (unpublished opinion); *Markovich v. Green*, No. 104,800, 2011 WL 768044, at *3 (Kan. App. 2011) (unpublished opinion). These decisions reasoned that (1) K.S.A. 60-1503(a) requires a "judge in the district court" to make the first determination on the merits of a K.S.A. 60-1501 petition and it would be inappropriate for this court to usurp that statutorily designated role; (2) there is a distinction between this court reviewing an argument the district court rejected—which could be brought in an appeal or cross-appeal—and an argument the district court never considered; and (3) the district court is more readily able to hold hearings to clarify issues raised in a K.S.A. 60-1501 petition than an appellate court, rendering it more appropriate to decide the merits of such a petition for the first time. But see *Yancey v. State*, No. 111,003, 2015 WL 770204, at *4 (Kan. App. 2015) (unpublished opinion) (addressing merits of a K.S.A. 60-1501 petition after finding the district court erroneously dismissed for lack of jurisdiction and should have transferred case to proper county).

The rationale discussed in *Macomber*, *Bloom*, and *Markovich* is sound and applies equally to Wheeler's case. In addition, if this court reached the merits of Wheeler's K.S.A. 60-1501 petition, it would first have to determine threshold issues, such as whether Wheeler has proven that he exhausted his administrative remedies as required by K.S.A. 75-52,138. See *Sperry v. McKune*, 305 Kan. 469, 482-83, 384 P.3d 1003 (2016). In his petition, Wheeler tacitly acknowledged that he had not done so, and he asked the district court to apply "a judicially created equitable exception to exhaustion" that applies "when the administrative remedies available are inadequate or compliance to [*sic*] them serves no purpose." The Kansas Supreme Court has recognized such an exception. See *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 622-25, 24 P.3d 128 (2001).

Whether an inmate has exhausted administrative remedies is a question of law over which an appellate court exercises unlimited review. *Pierpoint*, 271 Kan. at 622-23. But neither Wheeler's brief nor the State's brief adequately address exhaustion of administrative remedies for our court to resolve this issue. Similarly, the district court made no findings on the timeliness of Wheeler's petition, another issue that should be resolved before any resolution of the merits. See K.S.A. 2018 Supp. 60-1501(c).

Here, the district court not only failed to consider the merits of Wheeler's habeas corpus petition, it did not consider other threshold issues such as timeliness and exhaustion of administrative remedies. These issues should be addressed and decided in district court before either party seeks redress on appeal. Thus, we decline the parties' invitation to decide the merits of Wheeler's petition. Instead, we reverse the district court's summary dismissal of Wheeler's petition for lack of jurisdiction and remand for further proceedings.

Reversed and remanded with directions.